## Richmond

BARRY JOSEPH LEATHERWOOD v. COMMONWEALTH
OF VIRGINIA.

Record No. 730817.

Present, All the Justices.

*Peter M. Baskin*, for plaintiff in error.

*Linwood T. Wells, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General*, on brief), for defendant in error.

I'Anson, J., delivered the opinion of the court.

Defendant, Barry Joseph Leatherwood, was convicted by a jury for possession of cocaine, and his punishment was fixed at twelve months in jail and payment of a $250 fine. Defendant was sentenced accordingly, and he is here on a writ of error to the judgment of conviction.

While several errors have been assigned, the only one we need consider is defendant's contention that it was error to admit in his trial evidence obtained as a result of searches and seizures incident to an illegal arrest. The evidence shows that at approximately 10:30 p.m. on March 4, 1973, Officer Trumble, of the Arlington County Police Department, was dispatched to an apartment parking lot to investigate a complaint of noise emanating from the discharge of fireworks by a group of young people, one of whom was the defendant. After questioning the group about the fireworks, Trumble directed them to disperse. As the group was departing, Trumble noticed the defendant leaving the scene in his automobile.

Shortly thereafter, while Trumble was leaving the parking lot, a skyrocket flew across a nearby street. He drove to the area where he thought the rocket had been fired and saw defendant's

car parked, but apparently unoccupied. After a brief search of the area, he returned to defendant's car and spotted the defendant and his companion, Porro, crouched on the front seat.

Trumble testified that in approaching defendant's car he intended to ask about the skyrocket firing, but decided that he would make a "wanted check" since he had information that defendant was engaged in narcotics traffic. Upon Trumble's request, defendant and Porro gave satisfactory identifications. Trumble also testified that at this juncture he did not have probable cause to believe defendant had committed a felony, nor had defendant committed a misdemeanor in his presence. He said that at no time could he have sworn to a warrant charging defendant with the fireworks discharge because any member of the group could have fired the skyrocket.

Nonetheless, Trumble retained defendant's driver's license and vehicle registration card and asked him if he was wanted for anything. Defendant replied that he was not. Trumble then directed defendant to remain where he was while he radioed police headquarters to check on defendant's answer.

About fifteen minutes later Trumble was informed by headquarters that defendant was wanted on an outstanding warrant for violation of probation. Responding to the information from headquarters, Trumble told defendant he was under arrest for violating his probation and directed him to get out of his car. It was later discovered that the warrant was void because defendant had been released from probation nine months earlier.

As defendant was getting out of his car, he accidentally moved a piece of the car seat, revealing a pistol on the front seat within his reach and that of Porro. Defendant was immediately searched and handcuffed. No drugs were found on his person. When Trumble subsequently reached across the front seat to obtain the pistol, he saw a paper bag under the driver's seat which contained a plastic bag containing what appeared to be hashish. The police paddy wagon then arrived with the warrant charging violation of probation and defendant was taken to police headquarters. At the direction of the police, Porro had left the area sometime earlier.

The defendant's car was impounded and removed to the police property yard. Armed with a search warrant, which was later conceded by the Commonwealth to be invalid for lack of

probable cause, Trumble and another officer and two narcotics detectives searched defendant's car. The search revealed small quantities of cocaine in a glass vial and tube found in the car's unlocked glove compartment and in a suitcase in the car trunk.

We agree with the defendant's contention that he was illegally arrested when Trumble formally arrested him based on an expired warrant for violation of probation, and thus the evidence obtained by the resultant searches should have been suppressed.

In *Whiteley* v. *Warden*, 401 U.S. 560 (1971), an officer, relying on a police bulletin concerning an outstanding warrant which later proved to be invalid, made a warrantless arrest of the defendant. The suspect's car was searched and various incriminating evidence was seized and subsequently introduced at trial. The Supreme Court of the United States ruled that the officer's reliance on the bulletin could not supply probable cause for an "otherwise illegal arrest" and the items seized should have been excluded from Whiteley's trial. 401 U.S. at 568-69.

The present case is indistinguishable from *Whiteley*. The record shows that when Trumble formally arrested the defendant he relied solely on the police radio message concerning a warrant charging defendant with violating his probation, which was invalid at the time of the arrest. Thus, as in *Whiteley*, the arrest was illegal and the items seized should have been suppressed. *See also Wong Sun* v. *United States*, 371 U.S. 471, 488 (1963); *McMillon* v. *Commonwealth*, 212 Va. 505, 509, 184 S.E.2d 773, 776 (1971); and cases there cited.

For the reason stated, the judgment of the court below is reversed, and the case is remanded for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*