[Crim. No. 35520. Second Dist., Div. Four. Apr. 14, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
VEOTHA SPRATT, Defendant and Appellant.

COUNSEL

Rowan K. Klein, under appointment by the Court of Appeal, Klein & Nelson and Patricia E. Nelson for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Juliet H. Swoboda and Robert S. Henry, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**WOODS, J.**—Defendant has appealed from his conviction for violation of Health and Safety Code section 11351, possession for sale of a controlled substance, cocaine.

Appellant filed notice of motion to suppress evidence pursuant to Penal Code section 1538.5. This motion was argued and denied.

Defendant pled guilty and was sentenced to three years formal probation on condition that he spend one year in the county jail. A stay of execution was granted pending the outcome of this appeal. Appellant raises the following contention on appeal:

That the officers conducted a warrantless search of the defendant and seizure of his property without probable or reasonable cause in violation of his Fourth Amendment rights, and therefore his section 1538.5 motion to suppress the evidence thus obtained should have been granted.

### Summary of the Facts

On January 13, 1978, Officer Hill of the Long Beach Police Department received information from an unidentified informant that a person known as June Bug was involved in the selling of narcotics at 2691 San

Francisco Street in Long Beach. This information was communicated to Officer Scholtz, who was then investigating a person of that name. Officer Scholtz was familiar with the name June Bug from prior narcotics investigations and knew Mr. Spratt, the defendant herein, to be June Bug. Two days later, Officer Scholtz went to the Long Beach Police Department, records department, and obtained a copy of a minute order showing Mr. Spratt to be on probation with condition 19 search and seizure in effect. The probation termination date on this document was February 15, 1979.

On January 15, 1978, a surveillance was set up at 2691 San Francisco Street by Officers Scholtz and Smith. A blue Cadillac with personalized plates known by the officers to be Mr. Spratt's car was parked in front of this address.

On January 16, 1978, Officer Milovich of the Long Beach Police Department was contacted by a reliable confidential informant whom he had used in the past. This informant advised him that Mr. Spratt, also known as June Bug, was living at 2691 San Francisco Street and was dealing cocaine from that location. The informant had personally observed Mr. Spratt selling narcotics and had purchased narcotics from Mr. Spratt. Officer Milovich relayed this information to Officers Scholtz and Smith on the same day.

On January 17, a second surveillance of 2691 San Francisco Street was undertaken. The blue Cadillac of the defendant was again parked in front of the residence. Officer Scholtz observed Mr. Spratt and a codefendant leave the San Francisco address and drive away. He followed in his car and radioed for a marked police vehicle to execute the search and seizure conditions of Mr. Spratt's probation.

When Mr. Spratt was pulled over, Officer Smith, who had the superior court minute order in his possession, advised Mr. Spratt "that we knew that he was on probation, condition 19, search and seizure, that we felt that he was dealing narcotics, that we wished to search him, his vehicle and his residence pursuant to the conditions of probation, the search and seizure." Defendant Spratt confirmed that he was on probation and consented to search of his person and vehicle. Officer Scholtz testified that Mr. Spratt specifically stated that he was on probation and he was on search and seizure. His person and vehicle were searched and the keys to the San Francisco address were obtained from his pocket. Nothing else of evidentiary value was found. He was then trans-

ported back to 2691 San Francisco Street in the police vehicle. En route to the San Francisco address, Mr. Spratt stated that his mother lived there and that he stayed there some of the time. He said he was curious as to whether any narcotics would be found there, because he did not want to be staying anyplace where somebody was selling narcotics.

Upon arriving at the address, Mr. Spratt attempted to run and was handcuffed by Officer Smith.

The keys taken from Mr. Spratt were used to enter the apartment. The officers testified that clothes of the size and type worn by Mr. Spratt were found in the apartment.

It was stipulated by counsel that, on January 17, 1978, Officer Johnson of the Long Beach Police Department seized one clear plastic bag containing two plastic vials containing eleven clear plastic bags containing white powder which was located in a plastic trash container in the bedroom of the residence on San Francisco Street. Officer Smith seized two plastic bags containing manite wrappers, a white powdery substance from a cabinet drawer beneath the stove, a one-pound jar of lactose manohydrate and a package of plastic baggies recovered from a cabinet above the refrigerator in the kitchen.

The probation condition upon which the police relied to conduct this search read "submit his person and property to a search and seizure."

This probation had been revoked when the defendant was sentenced to state prison more than one year prior to the January 17, 1978, search. At the time of the search, the defendant was on parole from state prison. The parole agreement which was operative on the date of the search was an advanced consent agreement, which contained the following language: "I agree that my residence and any property under my control may be searched without a warrant at any time by any agent of the Department of Corrections or any law enforcement officer."

The officers effecting the search and seizure had no knowledge of the parole.

■ It is argued by the appellant that this court must deem the search of his person and property illegal because the probation search and seizure provision relied upon had been revoked. We reject this contention.

■ The test of legality of a search is that of reasonableness and the court must look to all of the circumstances known to the officers prior to implementing the search. (*People* v. *Gallegos* (1964) 62 Cal.2d 176 [41 Cal.Rptr. 590, 397 P.2d 174].)

■ In the instant case, the officers had knowledge that an unknown informant had stated that appellant was selling narcotics from the San Francisco address. This was corroborated by a confidential informant who had given reliable information in the past. Further, the officers had independent knowledge of the past narcotic activity of the appellant. Having obtained the minute order indicating the search and seizure condition, the officer confronting the appellant told him he was acting under this order and the appellant confirmed both the fact of the probation and the existence of the search and seizure condition.

We therefore conclude that the officers had a right to rely on the reasonableness of their grounds and cannot be held to have proceeded negligently or indifferently as contended.

Appellant argues that we cannot consider the fact that a search and seizure condition existed based on the parole, because this fact was not known to the officers at the time of the search. In support of this contention they cite *In re Martinez* (1970) 1 Cal.3d 641 [83 Cal.Rptr. 382, 463 P.2d 734], *People* v. *Superior Court* (*Kiefer*) (1970) 3 Cal.3d 807 [91 Cal.Rptr. 729, 478 P.2d 449, 45 A.L.R.3d 559], *People* v. *Superior Court* (*Simon*) (1972) 7 Cal.3d 186 [101 Cal.Rptr. 837, 496 P.2d 1205], and *People* v. *Icenogle* (1977) 71 Cal.App.3d 576 [139 Cal.Rptr. 637], all of which are distinguishable from this situation.

In each of those cases the court examined the officers' reasons for the arrest or search and concluded that the purpose of the exclusionary rule would clearly be frustrated if the courts were required to uphold a search conducted on unreasonable grounds simply because the prosecuting authorities belatedly managed to devise an alternative theory on which the officer could have acted reasonably if he had known of it.

In the case before the court a condition of search and seizure was always stated by the officers and affirmed by the appellant to be the theory or basis for this search, and the officers were clearly possessed of sufficient information to constitute a reasonable belief that appellant was engaged in criminal activity. Are we then to invalidate the search

simply because the status of this condition of search changed from probation to parole? We think not.

In the *Simon* case, the Supreme Court has said that the Fourth Amendment is not a game to be won by inventive counsel. We concur and this axiom is equally applicable to defense counsel.

Appellant raises the additional issue that the residence search was not within the scope of the probation condition. Again we disagree. The record reflects that both informants had stated that defendant was living and selling cocaine from this address. The fact that the appellant admitted that he stayed there some of the time and that his car was parked in front of this address did nothing to negate that information. We would add that the appellant's failure to object to the search of the residence together with his expression of curiosity as to what they would find there is consistent with implied consent to search the premises. (*People* v. *Fischer* (1957) 49 Cal.2d 442 [317 P.2d 967]; *People* v. *Melody* (1958) 164 Cal.App.2d 728 [331 P.2d 72].) It having been established that this was a property occupied by the appellant, it would make reasonable the application of the consent to search provision of his probation. (*People* v. *Icenogle, supra*, 71 Cal.App.3d 576.)

The judgment appealed from is affirmed.

Kingsley, Acting P. J., and Wong, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 11, 1980.

---

*Assigned by the Chairperson of the Judicial Council.