COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Coleman and Elder
Argued at Salem, Virginia


ERNEST JOHNSON BARNETTE, JR.
                                              OPINION
v.        Record No. 0997-95-3        BY JUDGE JOSEPH E. BAKER
                                          DECEMBER 10, 1996
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
              Mosby G. Perrow, III, Judge

     James Hingeley (Office of the Public
     Defender, on brief), for appellant.

     Richard B. Smith, Assistant Attorney General
     (James S. Gilmore, III, Attorney General, on
     brief), for appellee.


     Ernest Johnson Barnette, Jr. (appellant) appeals from his

bench trial conviction by the Circuit Court of the City of

Lynchburg (trial court) for possession of cocaine in violation of

Code § 18.2-250.  The sole issue is whether the exclusionary rule

as applied to the Fourth Amendment required the trial court to

suppress cocaine discovered in appellant's possession when he was

searched incident to his arrest for violating parole.  We hold

that the trial court did not err when it denied the motion to

suppress the cocaine evidence discovered during that search.

     On appeal from a trial court's denial of a suppression

motion, the burden is on appellant to show, considering the

evidence in the light most favorable to the Commonwealth, that

the denial of his motion to suppress constituted reversible

error.  Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729,

731 (1980), cert. denied, 449 U.S. 1017 (1980).  We will disturb the decision of a trial court only if the decision was plainly wrong or without credible evidence to support it.  Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).

The record reveals that on July 24, 1992 appellant was convicted of distribution of cocaine and sentenced to serve seven years in the penitentiary.  He was released from prison on parole on November 10, 1993.  Pursuant to Code §§ 53.1-145, 53.1-149, and 53.1-162, appellant's supervising parole officer, Jeffrey H. Mosher, caused a warrant for appellant's arrest to be issued on August 17, 1994.  The warrant alleged that appellant had violated terms of his parole, authorized any police officer to arrest him, and concluded with the following language:

              Witness my hand this 17th day of August 1994
                      (VOID AFTER 60 DAYS)
                         JEFFREY H. MOSHER
                     Probation & Parole Officer

At trial, Mosher testified that there was no legal requirement to place an expiration time on the warrant.  Mosher said the reason for inserting the sixty-day period was that he "had previously received notification from the regional office in Roanoke they want us to put that on there strictly as a track mechanism . . . [s]o that if a PB15 which is an arrest warrant is outstanding [we could] follow through every sixty days and if need be either issue a new one or seek a capias . . . ."

Lynchburg Police Officer F. D. McFarland received the warrant prior to October 17, 1994; however, he did not serve it

until October 17, 1994 when he arrested appellant.  Incident to that arrest, McFarland searched appellant and found rock cocaine in appellant's pants pocket.

Appellant argues that McFarland's authority to arrest him had expired because the arrest occurred the sixty-first day after the warrant was issued.  Accordingly, appellant moved the trial court to suppress the evidence, contending that it was found as a result of an illegal arrest and search.  Citing Atkins v. Commonwealth, 9 Va. App. 462, 389 S.E.2d 179 (1990), the trial court held that the warrant was not "so facially deficient that Officer McFarland should have picked up on it, and I don't think he acted in bad faith."

The warrant was issued on August 17, 1994 and served on October 17, 1994.  Appellant conceded at trial that "sixty days is commonly understood as two months," and service was made within the period of that common understanding.  However, appellant further argues that included in this two-month period was August which contained thirty-one days and resulted in the arrest being made the sixty-first day after the warrant was issued.  The Commonwealth contends that the phrase "VOID AFTER 60 DAYS" was placed on the warrant for administrative purposes and did not render the warrant legally void after sixty days.

McFarland's belief that the service was being made within the time shown on the warrant was a mistake of fact.  An arrest made pursuant to a mistake of fact is valid if (1) the arresting

officer believed, in good faith, that his or her conduct was lawful, and (2) the arresting officer's good faith belief in the validity of the arrest was objectively reasonable. See, e.g., Yeatts v. Minton, 211 Va. 402, 177 S.E.2d 646 (1970).

Here, the trial court found that McFarland acted in good faith in executing the arrest warrant. We must determine whether the evidence supports the trial court's finding that McFarland acted reasonably within the provisions of the Fourth Amendment. Guidelines for determining reasonableness as applied to mistakes of fact may be found in Hill v. California, 401 U.S. 797 (1971). In that case, an informant gave the police a detailed description of Hill, a wanted thief, and the address at which he lived. Without either an arrest or search warrant, the police went to the address to arrest Hill. Upon arriving at Hill's residence, the police found inside a person (Miller) who matched Hill's description. Notwithstanding Miller's protests that he was not Hill, believing Miller to be Hill, the police arrested Miller and searched the premises. The Hill Court refused to hold that the Fourth Amendment required the trial court to suppress the evidence found at Hill's residence. The Court noted that "when judged in accordance with 'the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act,' Brinegar v. United States, 338 U.S. 160, 175 (1949), the arrest and subsequent search were reasonable and valid under the Fourth Amendment." Hill, 401 U.S.

at 804-05.  Thus, as the Court further said, the "sufficient probability [of the right to arrest], not certainty,

is the touchstone of reasonableness under the Fourth Amendment . . . ."  Id. at 804.

In People v. Tellez, 128 Cal. App. 3d 876, 180 Cal Rptr. 579 (1982), the California Court of Appeals held that, "a reasonable mistake of fact, entertained in good faith by arresting officers, will authorize a search or arrest, even if the facts subsequently prove to be mistaken."  Id. at 880, 180 Cal Rptr. at 581.

Notwithstanding the fact that the police had subjected the defendant to a parole search when he was not actually on parole, the Tellez Court refused to suppress the evidence they found.

> This fact, however, does not compel suppression of the evidence recovered in the search conducted by the officers.  It is uncontradicted that the officers were informed by appellant's parole officer and appellant, that he was in fact on parole. Their reliance on this information was reasonable and they acted thereon in good faith.  As we previously stated in People v. Spratt (1980) 104 Cal.App.3d 562, 567, 164 Cal.Rptr. 78: "The test of legality of a search is that of reasonableness and the court must look to all of the circumstances known to the officers prior to implementing the search."

Id. at 880, 180 Cal Rptr. at 581 (emphasis added).  We agree with the Hill and Tellez analyses.  Here, the evidence disclosed that the supervising parole officer did not intend the warrant to become ineffective if not served within sixty days of the

issuance.  Moreover, the arresting officer mistakenly believed that sixty days equated to the two months between August 17, 1994 and October 17, 1994, and no bad faith or unreasonableness has been shown which requires exclusion of the evidence.

For the reasons stated, we hold that the decision of the trial court was not plainly wrong or without evidence to support it.  Accordingly, we affirm the judgment.

Affirmed.

Elder, J., concurring.

I concur with the judgment of the Court but not with the analysis of the majority opinion. It is unnecessary to analyze whether the arresting officer's actions were undertaken in good faith or whether the arrest and search of appellant were performed pursuant to a mistake of fact. Instead, I would hold that the trial court did not err in denying appellant's motion to suppress because the warrant for his arrest was valid. "Cases are to be decided on the narrowest legal grounds available." Korioth v. Briscoe, 523 F.2d 1271, 1275 (5th Cir. 1975); 21 C.J.S. Courts § 136(1) (1990).

The warrant was valid in this case because the parole officer's language limiting its duration to sixty days had no legal effect. I find no authority for a parole officer to limit the time period during which the warrant is effective. Clearly a parole officer has statutory authority to issue a warrant for the arrest of a parolee whom the officer judges to be in violation of the terms of his parole. Code §§ 53.1-145(4), 53.1-162. Logic suggests that such a warrant remains in force until a competent judicial official makes a determination regarding the legitimacy of the parole officer's allegations. At trial, the parole officer did not claim authority to limit the time period of warrants issued by him. Instead, he testified that he inserted the language in the warrant as a tracking mechanism to aid in the administration of outstanding warrants. Thus, the language in

the warrant indicating that it was void after sixty days was mere surplusage and the warrant was still valid when it was executed on October 17, 1994.  Because appellant's conviction should be affirmed on the ground that the cocaine was seized pursuant to a search incident to arrest based on a valid arrest warrant, I find it unnecessary to address other issues.

Coleman, J., concurring.

I concur with the separate opinions expressed by both my colleagues, Judges Baker and Elder. I agree with Judge Elder that the probation officer did not render the PB-15 arrest warrant invalid by placing a sixty-day time limitation upon it for administrative purposes. Therefore, the arrest under authority of the warrant was valid, in my opinion, and the search incident thereto was lawful.

However, assuming that the arrest warrant was invalid, as is the assumption in Judge Baker's opinion, I agree that appellant was nonetheless validly arrested. The officer made the arrest based upon his good faith, but mistaken, belief that he was acting upon a valid arrest warrant and that the defendant was wanted for a probation violation. See Hill v. California, 401 U.S. 797 (1971). Therefore, in my opinion, the arrest was valid on either ground and the search incident to that arrest was lawful.