COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Willis and Bumgardner
Argued at Salem, Virginia


COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
v.    Record No. 2267-98-3          JUDGE JERE M. H. WILLIS, JR.
                                    APRIL 2, 1999
DANIEL CURTIS OVERSTREET


FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
Kenneth E. Trabue, Judge Designate

Eugene Murphy, Assistant Attorney General
(Mark L. Earley, Attorney General, on
briefs), for appellant.

B. Leigh Drewry, Jr., for appellee.


Daniel Curtis Overstreet was indicted for possession of

cocaine, in violation of Code § 18.2-250, and for possession of

marijuana, in violation of Code § 18.2-250.1. Appellee filed a

pretrial motion to suppress evidence of the drugs, contending

that they were discovered as a result of an unlawful search of

his person. The trial court granted the motion, and the

Commonwealth appealed pursuant to Code § 19.2-398(2). For the

following reasons, we reverse the trial court's decision and

remand for further proceedings.

---

[*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

In reviewing a trial court's ruling on a suppression motion, we consider the evidence in the light most favorable to the prevailing party below, and the decision will not be disturbed unless it is plainly wrong or without evidence to support it.  See Lee v. Commonwealth, 18 Va. App. 235, 238, 443 S.E.2d 180, 181 (1994); Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).  So viewed, the evidence established that on February 18, 1998, Investigator L.T. Guthrie of the Campbell County Sheriff's Office arrested Overstreet pursuant to a capias from Bedford County.  In a search incident to arrest, Guthrie found marijuana and cocaine on Overstreet's person.

At the time of arrest, Guthrie served the arrest process, consisting of the capias, and an attached indictment.  Although Overstreet's name was on the capias, the defendant named in the attached indictment was "Curtis Nichols."  Guthrie testified that he did not read the indictment before serving the capias.

At the conclusion of the suppression hearing, the trial court granted Overstreet's motion.  The trial court ruled as follows:

> I agree with the defendant.  It's an
> invalid arrest.  I don't think the
> officer did it in bad faith, but the
> . . . inconsistency . . . is on the
> face of the . . . documents, and that
> is it's obvious from reading the capias

> that the . . . person named in the
> capias is not the same person that's
> named in the indictment.  And,
> therefore, it's an invalid arrest and
> . . . the Motion to Suppress the search
> is sustained.

Pursuant to Code § 19.2-398(2), the Commonwealth appealed the trial court's ruling.

## II.

The Commonwealth argues that because the capias was valid, the arrest was lawful notwithstanding any error in the attached indictment.  See Code § 19.2-76 (addressing the execution of a capias).[1]  The Commonwealth further argues that even if the process failed to comply with Code § 19.2-232,[2] there was no

---

[1]Code § 19.2-76 provides:

> A law-enforcement officer may execute
> within his jurisdiction a warrant, capias or
> summons issued anywhere in the Commonwealth.
> A warrant or capias shall be executed by the
> arrest of the accused, and a summons shall
> be executed by delivering a copy to the
> accused personally.

[2]Code § 19.2-232 provides:

> When an indictment or presentment is
> found or made, or information filed, the
> court, or the judge thereof, shall award
> process against the accused to answer the
> same, if he be not in custody.  Such
> process, if the prosecution be for a felony,
> shall be a capias; if it be for a
> misdemeanor, for which imprisonment may be
> imposed, it may be a capias or summons, in
> the discretion of the court or judge; in all
> other cases, it shall be, in the first
> instance a summons, but if a summons be
> returned executed and the defendant does not

- 3 -

violation of Overstreet's Fourth Amendment rights and the exclusionary rule is inapplicable for statutory violations. Finally, the Commonwealth argues that even if there was a Fourth Amendment violation, the good faith exception to the exclusionary rule applies in this case and, therefore, the evidence obtained by the search of Overstreet was admissible.

Assuming, without deciding, that the arrest was defective and that Overstreet's Fourth Amendment rights were violated, we hold that the drugs seized were admissible pursuant to the good faith exception to the exclusionary rule.

In United States v. Leon, 468 U.S. 897 (1984), the United States Supreme Court held that "suppression of evidence obtained pursuant to a warrant should be ordered only on a case-by-case basis and only in those unusual cases in which exclusion will further the purposes of the exclusionary rule." Id. at 918.

> The deterrent purpose of the exclusionary rule necessarily assumes that the police have engaged in willful, or at the very least negligent, conduct which has deprived the defendant of some right. By refusing to admit evidence gained as a result of such conduct, the courts hope to instill in those particular investigating officers, or in their future counterparts, a greater degree of care toward the rights of an accused. Where the official action was pursued in

---

> appear, or be returned not found, the court or judge may award a capias. The officer serving the summons or capias shall also serve a copy of the indictment, presentment or information therewith.

> rationale loses much of its force.

Id. at 919 (citations omitted) (emphasis added).  "In short,
where the officer's conduct is objectively reasonable,
'excluding the evidence will not further the ends of the
exclusionary rule in any appreciable way; for it is painfully
apparent that . . . the officer is acting as a reasonable
officer would and should act in similar circumstances.
Excluding the evidence can in no way affect his future conduct
unless it is to make him less willing to do his duty.'"  Id. at
919-20 (citations omitted).[3]

---

[3]In Leon, the Supreme Court established the following test
to determine whether suppression of evidence is an appropriate
remedy:

> Suppression therefore remains an
> appropriate remedy if the magistrate or
> judge in issuing a warrant was misled by
> information in an affidavit that the affiant
> knew was false or would have known was false
> except for his reckless disregard of the
> truth. . . .  The exception we recognize
> today will also not apply in cases where the
> issuing magistrate wholly abandoned his
> judicial role. . . .  [I]n such
> circumstances, no reasonably well trained
> officer should rely on the warrant.  Nor
> would an officer manifest objective good
> faith in relying on a warrant based on an
> affidavit "so lacking in indicia of probable
> cause as to render official belief in its
> existence entirely unreasonable." . . .
> Finally, depending on the circumstances of
> the particular case, a warrant may be so
> facially deficient -- i.e., in failing to
> particularize the place to be searched or

In Virginia, we have applied the good faith exception to the exclusionary rule.  See Polston v. Commonwealth, 255 Va. 500, 503, 498 S.E.2d 924, 926 (1998); Derr v. Commonwealth, 242 Va. 413, 422-23, 410 S.E.2d 662, 667 (1991); McCary v. Commonwealth, 228 Va. 219, 232, 321 S.E.2d 637, 644 (1984).  "An arrest made pursuant to a mistake of fact is valid if (1) the arresting officer believed, in good faith, that his or her conduct was lawful, and (2) the arresting officer's good faith belief in the validity of the arrest was objectively reasonable."  Barnette v. Commonwealth, 23 Va. App. 581, 584, 478 S.E.2d 707, 708 (1996).

The evidence established that Officer Guthrie acted in good faith when executing the capias and arresting Overstreet. Although Guthrie relied on the language of the capias and did not check the name on the underlying indictment, this omission does not require exclusion of the seized items.  At the suppression hearing, Guthrie testified that he believed he could arrest Overstreet based upon the capias alone.  This belief was reasonable.  The capias itself was the process placed in Guthrie's hands for execution.  It was regular on its face.  It was a court order commanding him to arrest Overstreet.  The

---

> the things to be seized -- that the
> executing officers cannot reasonably presume
> it to be valid.

Leon, 468 U.S. at 923 (citations omitted).

- 6 -

attached indictment was merely an underlying, supporting document.

No evidence proved that Guthrie's failure to read the indictment constituted "willful" or "negligent" conduct, requiring suppression of the evidence.[4]  See Leon, 468 U.S. at 919.  The capias was not "facially deficient."  Guthrie reasonably presumed it to be valid.[5]  See id. at 923.  His duty required him to obey the court order and arrest Overstreet.  In short, Guthrie made the arrest based upon his good faith, but mistaken, belief that the process was correct.[6]  Accordingly, we reverse the trial court's ruling granting the motion to suppress and remand for further proceedings.

Reversed and remanded.

---

[4]The trial court specifically noted:  "I don't think the officer did it in bad faith . . . ."

[5]While Overstreet maintains that there was no valid indictment relating to him, there is no evidence in the record to support this contention.  Rather, the record reflects that on June 17, 1998, the indictment charging Overstreet with distribution of methaphetamine was dismissed.

[6]Overstreet's reliance upon Leatherwood v. Commonwealth, 215 Va. 161, 207 S.E.2d 845 (1974), is misplaced.  While the Court held that an arrest based on an invalid warrant required suppression of the evidence in that case, see id. at 163, 207 S.E.2d at 847, Leatherwood was decided prior the Supreme Court's decision in United States v. Leon, 468 U.S. 897 (1984), which established the good faith exception to the exclusionary rule.

- 7 -

Fitzpatrick, C.J., dissenting.

I respectfully dissent. I agree with the majority that United States v. Leon, 468 U.S. 897 (1984), controls this case. However, we have previously held that the good faith exception is not available in four instances:

> (1) [W]here the magistrate was misled by information in the affidavit which the affiant knew was false or should have known was false, (2) the issuing magistrate totally abandoned his judicial role, (3) the warrant was based on an affidavit "so lacking in indicia of probable cause" as to render official belief in its existence unreasonable or (4) where the warrant was so facially deficient that an executing officer could not reasonably have assumed it was valid.

Robinson v. Commonwealth, 19 Va. App. 642, 647, 453 S.E.2d 916, 918 (1995) (emphasis added).

Despite the absence of police misconduct in the instant case, I would hold that the fourth situation bars application of the Leon good faith exception. See Janis v. Commonwealth, 22 Va. App. 646, 653, 472 S.E.2d 649, 653, aff'd en banc, 24 Va. App. 207, 481 S.E.2d 473 (1996) (noting that evidence may nonetheless be excluded in the "absence of police misconduct"). While the trial judge ruled that the officer did not act in "bad faith" when executing the capias and arresting appellee, the evidence clearly supports the trial court's finding that the arrest was invalid based upon the inconsistency on the face of the documents. Officer Guthrie specifically testified that he

did not read the attached indictment before serving the capias and that had he done so, he would have investigated the inconsistency in the names.  In short, the warrant was "so facially deficient . . . that the executing officer[ ] [could] not presume it to be valid."  Leon, 468 U.S. at 923.

For the foregoing reasons, I would affirm the trial court's decision suppressing the evidence.