COURT OF APPEALS OF VIRGINIA


Present: Judges Annunziata, Humphreys and Senior Judge Coleman
Argued at Richmond, Virginia


BILL LARRY WELLS

                                    MEMORANDUM OPINION* BY
v.    Record No. 1016-00-2        JUDGE ROSEMARIE ANNUNZIATA
                                         MAY 1, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF PRINCE GEORGE COUNTY
                        James A. Luke, Judge

            Peter D. Eliades (Homer C. Eliades; Eliades &
            Eliades, P.C., on brief), for appellant.

            Amy L. Marshall, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


    Appellant, Bill Larry Wells, appeals the trial court's

denial of his motion to suppress evidence of his intoxication

and refusal to take a blood or breath test.[1]  Wells contends the

evidence was the fruit of an illegal seizure.  We disagree and

affirm the trial court's ruling.

---

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

        [1] Because the Supreme Court has jurisdiction over issues
involving a refusal to take a blood or breath test, Commonwealth
v. Rafferty, 241 Va. 319, 323-24, 402 S.E.2d 17, 20 (1991), we
granted Wells's petition for review on the issue of his motion
to suppress the evidence of his intoxication only.

BACKGROUND

In the early morning hours of July 3, 1999, Officer J.L. Warren of the Prince George County Police Department initiated a traffic stop after he observed Wells make a "U-turn" in front of a Prince George Volunteer Fire Department station.  After stopping Wells for the alleged traffic offense, and detecting an odor of alcohol about his person, Officer Warren asked Wells to perform various field sobriety tests, all of which Wells failed.  Wells refused to submit to either a breath or blood test, and Officer Warren charged Wells with violating Code § 18.2-268 for such refusal.  In addition, Officer Warren charged Wells with driving under the influence of alcohol, in violation of Code § 18.2-266, and for making an illegal turn, in violation of Code § 46.2-845.

Prior to trial, Wells filed a motion to suppress the evidence of his intoxication and refusal to take a blood or breath test.  The trial court denied the motion and found Wells guilty of driving while under the influence of alcohol and guilty of refusing to take a breath or blood test.  However, the court found Wells not guilty of making an illegal turn because the evidence did not support the charge.  Code § 46.2-845 provides, "[t]he driver of a vehicle within cities, towns or business districts of counties shall not turn his vehicle so as to proceed in the opposite direction except at an intersection." A zoning administrator testified at trial that the business

-

district ended just before the fire station and that the station was actually in a residential area. Therefore, because the fire station was not in a city, town or business district, Wells did not violate Code § 46.2-845 by making a "U-turn" in front of the station.

Wells contends that because he did not, in fact, commit a traffic violation, Officer Warren's act of stopping Wells was illegal and, therefore, any evidence obtained as a result of that stop should have been suppressed. We disagree.

## ANALYSIS

The Commonwealth has the burden of proving that a warrantless seizure did not violate the defendant's Fourth Amendment rights. Simmons v. Commonwealth, 238 Va. 200, 204, 380 S.E.2d 656, 659 (1989). On appeal, we view the evidence and all reasonable inferences deducible from such evidence, in the light most favorable to the Commonwealth, the party prevailing below. Weathers v. Commonwealth, 32 Va. App. 652, 656, 529 S.E.2d 847, 849 (2000). While we are bound by the trial court's findings of historical fact, we review de novo determinations of probable cause and reasonable suspicion. Ornelas v. United States, 517 U.S. 690, 699 (1996); Reel v. Commonwealth, 31 Va. App. 262, 265, 522 S.E.2d 881, 882 (2000).

An officer may "stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be

-

afoot.'" United States v. Sokolow, 490 U.S. 1, 7 (1989)

(citation omitted); Buck v. Commonwealth, 20 Va. App. 298, 302,

456 S.E.2d 534, 536 (1995).  However, "[a]ctual proof that

criminal activity is afoot is not necessary . . . ."  Harmon v.

Commonwealth, 15 Va. App. 440, 444, 425 S.E.2d 77, 79 (1992);

see also Yeatts v. Minton, 211 Va. 402, 405, 177 S.E.2d 646, 648

(1970); Reel, 31 Va. App. at 265, 522 S.E.2d at 883; Richards v.

Commonwealth, 8 Va. App. 612, 617, 383 S.E.2d 268, 271 (1989).[2]

In this case, Officer Warren observed Wells make a U-turn

in front of the fire station.  At this location, only a few feet

separated the business district from the residential district.

Officer Warren believed the U-turn was made in a business

district and was, therefore, illegal.  On that ground, he

stopped Wells and charged him with a traffic violation.

Although the evidence at trial showed that Wells's U-turn was

not illegal, Officer Warren had reasonable suspicion to stop

Wells's vehicle for conduct that was possibly illegal.  See Hoye

v. Commonwealth, 18 Va. App. 132, 134, 442 S.E.2d 404, 406

(1994) ("'A police officer may stop a motor vehicle, without

probable cause, for investigatory purposes if [the officer]

---

[2] Wells's reliance on Bass v. Commonwealth, 259 Va. 470, 525 S.E.2d 921 (2000), is misplaced.  In Bass, the Supreme Court did not hold that a defendant's conduct must in fact be illegal to justify an investigatory stop.  Rather, the Court held that, based on the facts of the case, the officer did not have a reasonable suspicion that the defendant may have committed a crime.  Id. at 477-78, 525 S.E.2d at 925.

-

possesses a reasonable and articulable suspicion that a motorist is unlicensed or that an automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of law.'" (citations omitted)). The fact that Wells was later found to be not guilty of the alleged traffic violation does not make the investigatory stop illegal.

Where a seizure is made pursuant to a mistake of fact, the seizure will be deemed legal and evidence obtained during the seizure will not be suppressed if the officer's mistaken belief was held in good faith and was objectively reasonable. Barnette v. Commonwealth, 23 Va. App. 581, 584, 478 S.E.2d 707, 708 (1996); Shears v. Commonwealth, 23 Va. App. 394, 399, 477 S.E.2d 309, 311 (1996). In this case, Officer Warren believed, in good faith, that Wells had made an illegal turn. Furthermore, his belief was objectively reasonable. The distance between the location of Wells's turn and the business district was minimal and the nature of the buildings in the area, such as the fire station, supports the conclusion that his mistaken belief was reasonable.

Because the investigatory stop was lawful, the evidence of Wells's intoxication, obtained as a result of that stop, was properly admitted. The trial court, therefore, properly denied the motion to suppress. Accordingly, we affirm.

Affirmed.

-