COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Felton, Judges Humphreys and Alston
Argued at Salem, Virginia


CHRISTOPHER RANDOLPH CRAIG

MEMORANDUM OPINION[*] BY
v.          Record No. 0722-08-3          JUDGE ROBERT J. HUMPHREYS
                                          APRIL 28, 2009

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
Mosby G. Perrow, III, Judge

Joseph A. Sanzone (Sanzone & Baker, P.C., on brief), for
appellant.

(Robert F. McDonnell, Attorney General; Josephine F. Whalen,
Assistant Attorney General, on brief), for appellee. Appellee
submitting on brief.


Christopher Randolph Craig ("Craig") appeals his conviction for driving under the

influence of alcohol, in violation of Code § 18.2-266. He argues the trial court erred in holding

that Officer C.S. Bradner ("Officer Bradner") had reasonable suspicion to justify stopping

Craig's truck. We disagree and affirm.

Craig makes two arguments as to why Officer Bradner did not have reasonable suspicion

that criminal activity may be occurring. First, he argues that the trial court erred by finding

Officer Bradner's testimony credible. Second, he argues that the trial court erred when it held

that the stop was reasonable even if Officer Bradner mistakenly believed that the license plate

light was not operating.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Craig's first argument has no merit. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The trial court heard the testimony of all of the witnesses and specifically found Officer Bradner credible. We are bound by that finding on appeal.

Craig's second argument is also without merit. A seizure made "pursuant to a mistake of fact is valid if (1) the arresting officer believed, in good faith, that his or her conduct was lawful, and (2) the arresting officer's good faith belief in the validity of the arrest was objectively reasonable." Barnette v. Commonwealth, 23 Va. App. 581, 584, 478 S.E.2d 707, 708 (1996). Code § 46.2-1013 requires that:

> tail lights shall be constructed and so mounted in their relation to the rear license plate as to illuminate the license plate with a white light so that the same may be read from a distance of 50 feet to the rear of such vehicle. Alternatively, a separate white light shall be so mounted as to illuminate the rear license plate from a distance of 50 feet to the rear of such vehicle.

Under Code § 46.2-1013, driving with a malfunctioning license plate light is unlawful. Here, the trial court found that, even if Officer Bradner was mistaken about the light, he honestly believed that the light was malfunctioning. Officer Bradner's good faith belief that Craig's license plate light was not working made it reasonable for him to believe that Craig was committing an unlawful act. Barnette, 23 Va. App. at 584, 478 S.E.2d at 708. Thus, even if Officer Bradner were mistaken, the seizure of Craig's vehicle does not violate the Fourth Amendment's prohibition against unreasonable seizures. Accordingly, we affirm Craig's conviction.

Affirmed.