# CIRCUIT COURT OF HANOVER COUNTY

Commonwealth of Virginia

    v.

William Jefferson Mason

August 24, 2009

Case No. CR09000576-00

BY JUDGE J. OVERTON HARRIS

Before the Court is Defendant's Motion to Suppress. The Court heard arguments on the Motion on August 17, 2009, and took the matter under advisement. Following a thorough review of the pleadings, the memoranda and briefs filed by counsel, the evidence presented, and the law, the Court finds as follows.

## I. *Background*

On April 18, 2009, Deputy Snook of the Hanover County Sheriff's Department ran a Department of Motor Vehicles check (hereinafter "DMV check") on a blue van being driven by a male on Mechanicsville Turnpike. The purpose of the DMV check was to verify the jurisdiction of registration of the vehicle to determine whether or not a county or city sticker was required. Displayed on the vehicle was a Virginia license plate that read KDJ 5220. The DMV check indicated that the license plate was registered to a maroon van,

rather than a blue van of the same make and model. The DMV check also indicated that the registered owner of the vehicle was a female. Deputy Snook believed, based on the fact that the color of the vehicle differed from the color listed on the registration and that the driver was the opposite sex of the registered owner, that the license plate and/or the vehicle may have been stolen.

Deputy Snook activated his emergency equipment and stopped the vehicle. He approached the driver and requested a license and registration. As the driver handed Officer Snook the information, the driver stated that his license was suspended and that he was not supposed to be driving. Deputy Snook ran the driver's information through the Department of Motor Vehicles database and was able to identify the driver of the van as William Jefferson Mason. The DMV check on Mr. Mason indicated that his license was revoked because he was an habitual offender.

Deputy Snook placed Mr. Mason under arrest for operating a motor vehicle as an habitual offender in violation of Virginia Code § 46.2-357.

## II. *Analysis*

"The Fourth Amendment prohibits 'unreasonable searches and seizures' by the Government, and its protections extend to brief investigatory stops of persons or vehicles that fall short of traditional arrest." *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (citing *Terry v. Ohio*, 392 U.S. 1, 9 (1968); *United States v. Cortez*, 449 U.S. 411, 417 (1981)). "Because the 'balance between the public interest and the individual's right to personal security' tilts in favor of a standard less than probable cause in such cases, the Fourth Amendment is satisfied if the officer's action is supported by reasonable suspicion to believe that criminal activity 'may be afoot'." *United States v. Brignoni-Ponce*, 422 U.S. 873, 878 (1975) (citing *United States v. Sokolow*, 490 U.S. 1, 7 (1989)). Accordingly, "[a] police officer may conduct an investigatory stop of a motor vehicle if he has at least 'articulable and reasonable suspicion' that the operator is unlicensed, the vehicle is unregistered, or the vehicle or an occupant is otherwise subject to seizure for violating the law." *Reel v. Commonwealth*, 31 Va. App. 262, 265-66, 522 S.E.2d 881, 883 (2000) (citing *Delaware v. Prouse*, 440 U.S. 648, 663 (1979); *Murphy v. Commonwealth*, 9 Va. App. 139, 143, 384 S.E.2d 125, 127 (1989)).

"There are no bright line rules to follow when determining whether a reasonable and articulable suspicion exists to justify an investigatory stop." *Reel*, 31 Va. App. at 266, 522 S.E.2d 883. Instead, courts "must look at the

'totality of the circumstances' of each case to see whether the detaining officer ha[d] a 'particularized and objective basis' for suspecting legal wrongdoing." *Arvizu*, 534 U.S. at 273 (quoting *Cortez*, 449 U.S. at 417-18). While this standard "allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that 'might well elude an untrained person'," *id.* (quoting *Cortez*, 449 U.S. at 418), "[i]f the officer's suspicion amounts merely to an 'inchoate and unparticularized suspicion or "hunch" . . . [rather] than a fair inference in the light of his experience, [it] is simply too slender a reed to support the seizure' under the [F]ourth and [F]ourteenth [A]mendments of the United States Constitution." *Murphy*, 9 Va. App. at 144, 384 S.E.2d at 128 (quoting *Reid v. Georgia*, 448 U.S. 438, 441 (1980)).

In this case, Deputy Snook testified that he stopped Mr. Mason *solely* because the color of the van did not match the color indicated on the corresponding DMV registration and the driver was the opposite sex of the registered owner. He conceded the stop was based upon no other traffic infraction or violation of law. Deputy Snook also testified that the DMV check never indicated the license plate or vehicle was reported stolen.

Virginia requires "[e]very applicant for registration or renewal of registration [to] indicate on his application the color that best describes the predominant color of the vehicle." Virginia Code § 46.2-604. The statute imposes no other duty upon the registered owner of a vehicle to notify the Department of Motor Vehicles of a color change.

The Commonwealth argues that a suspected violation of Va. Code § 46.2-604 was not even necessary because the disparity in color provided Deputy Snook with a reasonable articulable suspicion that the van and/or its license plates may have been stolen. It is unquestionable that a disparity in color between a vehicle and its registration is a relevant factor in determining whether the vehicle or its license plate is stolen or whether a violation of Va. Code § 46.2-604 has occurred. However, the color disparity alone is not unlawful. Accordingly, stopping all vehicles whose color does not match the color listed on its corresponding registration is not justified "without some additional indicia of legal wrongdoing." *Moore v. Commonwealth*, 49 Va. App. 294, 306, 640 S.E.2d 531, 537 (2007).

Analogous to *Commonwealth v. Spencer*, 21 Va. App. 156, 462 S.E.2d 899 (1995), and *Moore v. Commonwealth*, 668 S.E.2d 152 (2008), the fact that the color of the van Mr. Mason was driving did not mach the color indicated on the vehicle's registration and that the registered owner was female, without something more, did not provide Deputy Snook with a reasonable articulable suspicion that the vehicle or its license plate may be

stolen. Nor does it, standing alone, constitute a particularized and objective fact that gives rise to a reasonable articulable suspicion that Va. Code § 46.2-604 had been violated.

Upholding a stop on these facts would permit law enforcement to make a random, suspicionless stop of any car with a color disparity on its registration. The Fourth Amendment does not afford the police such unbridled discretion. Thus, the seizure and detention of Mr. Mason was unlawful.

The Commonwealth contends that, even if Deputy Snook made a mistake of law, in believing that a disparity in vehicle color provided him a reasonable suspicion that the vehicle or its license plate may be stolen or that the difference in color constituted a violation of Va. Code § 46.2-604, this Court should not suppress the evidence obtained during Mr. Mason's seizure and detention because of the "good faith exception" rationale expressed in the recent decision of *Herring v. United States*, 129 S. Ct. 695 (2009), and subsequently applied in *Logan v. Commonwealth*, 53 Va. App. 520, 673 S.E.2d 496 (2009). This Court disagrees.

The Commonwealth essentially argues that a mistake of law, if objectively reasonable, can form the basis of reasonable suspicion and that *Logan* supports this proposition. *Id. Logan*, however, is limited in its application because of the facts presented and issues raised on appeal. *Id.* "[Logan's] case was remanded to [the Virginia Court of Appeals] 'for a review of Logan's challenge to the trial court's determination that the police officer's actions did not constitute bad faith'." Accordingly, the good faith exception jurisprudence of *Herring*, 129 S. Ct. 695, relied on in *Logan* was applied only to the narrow issue addressed by the Court of Appeals on remand. 53 Va. App. 520.

Virginia recognizes that a mistake of fact, if objectively reasonable and determined to be made in good faith, can form the basis of reasonable suspicion. *Barnette v. Commonwealth*, 23 Va. App. 581, 584, 478 S.E.2d 707, 708 (1996). However, Deputy Snook's mistake was one of law and "a belief based on a mistaken understanding of the law cannot constitute the reasonable suspicion required for a constitutional traffic stop." *United States v. Twilley*, 222 F.3d 1092, 1096 (9th Cir. 2000).

For the reasons articulated in this opinion letter, the defendant's motion to suppress is granted.