COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Coleman and Overton
Argued at Salem, Virginia


VICTORIA PRICE BROWN
                                             OPINION BY
v.         Record No. 2917-96-3    JUDGE JOSEPH E. BAKER
                                           APRIL 7, 1998
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
                     Charles H. Smith, Jr., Judge

              A. Benton Chafin, Jr. (Brian M. Ely; Chafin
              and Chafin, P.C., on briefs), for appellant.

              Ruth Ann Morken, Assistant Attorney General
              (Richard Cullen, Attorney General, on brief),
              for appellee.



     Victoria Price Brown (appellant) appeals from a judgment of

the Circuit Court of Washington County (trial court) that

approved a jury verdict convicting her for obstructing justice by

resisting arrest in violation of Code § 18.2-460.[1]  Appellant

---

[1]That section provides:

          Obstructing justice.--A. If any person
     without just cause knowingly obstructs a
     . . . law-enforcement officer in the
     performance of his duties as such or fails or
     refuses without just cause to cease such
     obstruction when requested to do so by such
     . . . law-enforcement officer, he shall be
     guilty of a Class 2 misdemeanor.
          B. If any person, by threats or force,
     knowingly attempts to intimidate or impede a
     . . . law-enforcement officer, lawfully
     engaged in his duties as such, or to obstruct
     or impede the administration of justice in
     any court, he shall be deemed to be guilty of
     a Class 1 misdemeanor.
          C. If any person by threats of bodily
     harm or force knowingly attempts to
     intimidate or impede a . . . law-enforcement

resisted an attempt to arrest her by police officers who were acting pursuant to a capias issued for another person whose name was "Vicki R. Edwards, AKA Vicki Edwards Brown." Appellant contends that because the arrest was unlawful, she had the right to resist. The Commonwealth asserts that because the attempt to arrest was made in "good faith," it was lawful and, therefore, appellant had no right to resist. For the reasons that follow, we reverse the conviction.

Upon familiar principles, we state the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). The record discloses that on the afternoon of January 11, 1996, Abingdon Police Officers Hay and Slagle were dispatched to investigate a "domestic disturbance" at 284 B Street in Abingdon, the address at which appellant resided. While en route, Hay received a radio dispatch from Abingdon Police Sergeant Miller stating that he had "a capias for the subject at this residence." In fact, Miller had no such capias for appellant's arrest. In relevant part, the capias to which Miller referred gave the following authority to arrest:

> officer, lawfully engaged in the discharge of
> his duty, or to obstruct or impede the
> administration of justice in any court
> relating to a violation of or conspiracy to
> violate § 18.2-248 or § 18.2-248.1(a)(3), (b)
> or (c) he shall be guilty of a Class 5
> felony.

```
            ARREST THIS RESPONDENT:
            EDWARDS, VICKI R.
            506 Lowry Drive, Apt. #1
            Abingdon, VA 24210
            AKA:  Vicki Edwards Brown
      W  F  8  21  70  5  5  240  BR  Br
               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
               *   *   *   *
               In re/V.
            Vicki R. Edwards
```

The officers testified they knew appellant as Vicki Brown and thought the capias was for appellant, notwithstanding that Edwards' address was on the other side of town from appellant's residence.[2]

Officers Hay and Slagle arrived at appellant's house first. When Sergeant Miller arrived, he gave the capias to Hay. The officers' statements regarding what happened next vary and sometimes conflict. Miller said that upon arrival at appellant's house, they made no investigation "at all" and did not ask for identification. Hay said that, while at the jail, appellant told them she thought the capias was for a debt that had been satisfied; Miller said she made that statement at her residence as they attempted to serve the capias. Hay said that appellant began to curse and kick and was sprayed with pepper gas as he was reading her the warrant; Miller said appellant was not sprayed until after she "wadded up the warrant and threw it on the

---

[2]There was no evidence that appellant had ever been known as Vicki Edwards or seen at Edwards' address. Likewise, there was no evidence that the officers knew appellant as Vicki Edwards Brown.

- 3 -

floor." Slagle said Miller read the warrant to appellant; Hay said he read the warrant to appellant. Miller said appellant stayed on the couch where she kicked at one of the officers and that she never stood or jumped up. Slagle claimed appellant "jumped up" and "swung" at him. Hay contended appellant jumped up and kicked but did not aim the kick at any officer. Miller said it was aimed at one of the officers. None of the officers ever said, "I have a warrant for Vicki R. Edwards, AKA Vicki Edwards Brown."

It is apparent that the officers knew appellant as "Vicki Brown" and that while they attempted to execute the capias, appellant cursed, kicked without making any contact, and resisted arrest. The Commonwealth concedes that appellant was not the person named in the capias. Although the officers read the warrant to appellant, none testified that they specifically told appellant that the capias showed the warrant was to arrest "Edwards, Vicki R. . . . AKA Vicki Edwards Brown," as it was in fact.

When the Commonwealth rested, appellant moved to strike the evidence against her. Appellant argued that because the capias was for Vicki R. Edwards, who was shown to reside at an address different from that of appellant, the attempt to arrest was "a warrantless arrest," without probable cause, for a misdemeanor not committed in the officers' presence. Appellant further argued that, in Virginia, "a person has the absolute right to

- 4 -

resist an illegal arrest by whatever force is necessary and reasonable under the circumstances."

The Commonwealth contends that, notwithstanding the officers' arrest of the wrong person, because the arrest was made in good faith, appellant had no right to resist. We disagree.

In Polk v. Commonwealth, 4 Va. App. 590, 596, 358 S.E.2d 770, 773 (1987), this Court clearly established that "an individual is not entitled to resist a lawful arrest." All authorities are in agreement on this legal principle.

Contending that the arrest was lawful, the Commonwealth cites several cases holding that erroneous arrests were held to be lawful when made in "good faith." See, e.g., Hill v. California, 401 U.S. 797 (1971); DeChene v. Smallwood, 226 Va. 475, 311 S.E.2d 749 (1984); Yeatts v. Minton, 211 Va. 402, 177 S.E.2d 646 (1970); Barnette v. Commonwealth, 23 Va. App. 581, 478 S.E.2d 707 (1996); Shears v. Commonwealth, 23 Va. App. 394, 477 S.E.2d 309 (1996). None of these cases address the specific issue before us. For example, in Hill, Shears, and Barnette, the issue was whether, when the officers arrested the defendants erroneously but in good faith, the evidence of contraband found during the search that followed the arrest should have been suppressed. DeChene and Yeatts merely held that where the erroneous arrests were made in good faith, the officers could not be held liable for civil damages. Here, the issue is whether, or to what extent, an arrestee may resist an arrest claimed to have

- 5 -

been made in "good faith" but made without a lawful warrant or probable cause to arrest for a misdemeanor not committed in the presence of the arresting officers.

In Virginia, authorization to make a warrantless arrest is limited to those situations provided for in the Code of Virginia. See Code §§ 19.2-77, 19.2-81, 19.2-100. The lawfulness of an attempted arrest is determined by those code sections. See Foote v. Commonwealth, 11 Va. App. 61, 65, 396 S.E.2d 851, 854 (1990) (citing Code § 19.2-81). Appellant's arrest was not made pursuant to any of the cited code sections.

Cases that protect police officers from civil liability or that apply the good faith exception to the exclusionary rule to evidence acquired pursuant to an erroneous arrest are not controlling.

It has long been held in Virginia that where an officer attempts an unlawful arrest, the officer is an aggressor which gives the arrestee the right to use self-defense to resist so long as the force used is reasonable. See id. at 69, 396 S.E.2d at 856; see also Annotation, Modern Status of Rules as to Right to Forcefully Resist Illegal Arrest, 44 A.L.R. 3d 1078 (1972). "[T]he amount of force used [always] must be reasonable in relation to the harm threatened." Diffendal v. Commonwealth, 8 Va. App. 417, 421, 382 S.E.2d 24, 26 (1989).

When the issue on appeal is whether there is sufficient evidence to support a criminal conviction, we view conflicting

evidence in the light most favorable to the Commonwealth. However, when the issues are the lawfulness of an arrest and the reasonableness of force used to resist an unlawful arrest, the ultimate questions involve law and fact and are reviewed <u>de</u> <u>novo</u> on appeal. See <u>Foote</u>, 11 Va. App. at 65, 396 S.E.2d at 853-54; <u>see also</u> <u>McGee v. Commonwealth</u>, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (<u>en</u> <u>banc</u>) (citing <u>Ornelas v. United States</u>, 517 U.S. 690 (1996)).

The Commonwealth's evidence relevant to the confrontation conflicts. One officer, Sergeant Miller, the supervisor who had the capias in his vehicle, testified that appellant did not jump from the sofa but instead that her entire resistance was by cursing and kicking while remaining seated on the sofa. Hay, who had been given the capias to read to appellant, said that appellant "jumped" from the sofa and kicked, but that the kicking was not "aimed" at any of the officers. None of those acts constituted the use of unreasonable force to resist an unlawful arrest.

Moreover, even a casual reading of the capias discloses that the officers were authorized to arrest only Vicki R. Edwards or a person sometimes known as Vicki Edwards Brown. Careless reading of the capias cannot divest a wrongly accused person of a right otherwise possessed by law. The officers' mistaken belief that appellant was the person named in the capias did not make the capias an instrument upon which the police could lawfully arrest

- 7 -

appellant, even if that mistake was made in good faith.

The police officers became aggressors when they attempted to arrest a person not named in the capias upon which they relied for the arrest, and they were at fault in the confrontation. See Foote, 11 Va. App. at 69, 396 S.E.2d at 856. Appellant was not required to surrender to the officers based on the capias issued for another person's arrest. Because the arrest was unlawful, appellant had the right to resist upon self-defense principles. The Commonwealth cannot expunge that right even by showing the officers acted in "good faith."

Accordingly, for the reasons stated, we reverse the judgment of the trial court and dismiss appellant from further prosecution on the charge.

Reversed and dismissed.