COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Senior Judge Cole
Argued at Richmond, Virginia


JASON ALAN MASON

                                MEMORANDUM OPINION[*] BY
v.    Record No. 1189-98-2    JUDGE JERE M. H. WILLIS, JR.
                                     AUGUST 3, 1999
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
                  John W. Scott, Jr., Judge

        Elizabeth Virginia Killeen, Assistant Public
        Defender (Office of the Public Defender, on
        brief), for appellant.

        Donald E. Jeffrey, III, Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.


     On appeal, Jason Alan Mason contends that the evidence is

insufficient to support his conviction of obstruction of justice

and that the trial court erred in denying his motion to strike the

evidence.  We disagree and affirm the judgment of the trial court.

     Code § 18.2-460(A) provides:

        If any person without just cause knowingly
        obstructs . . . any law-enforcement officer
        in the performance of his duties as such
        . . . , he shall be guilty of a Class 2
        misdemeanor.

On appeal of a criminal conviction, we view the evidence "in the

light most favorable to the Commonwealth, granting to it all

_____
        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

reasonable inferences fairly deducible therefrom."  Brown v. Commonwealth, 27 Va. App. 111, 113, 497 S.E.2d 527, 528 (1998).

On the evening of October 27, 1997, Officers Moore and Gentry of the Fredericksburg Police Department responded to a domestic complaint at 1612 Charles Street.  At that location, a citizen complained that two men in the front yard of the house at 1700 Charles Street had threatened him and that a man wearing a leather jacket had made a gesture suggesting that he had a gun.  The officers approached 1700 Charles Street to investigate the complaint and entered the unfenced front yard. In the yard were several men, including Mason and another man, who was wearing a leather jacket.  The officers asked the man wearing the leather jacket to approach so that they could talk to him. Mason became belligerent, demanding that the officers leave "his" yard.  His demands were put forth in such a loud and obstreperous manner that the officers were unable to communicate with the man wearing the leather jacket.  After warning Mason several times to cease interfering with their effort to question the man wearing the leather jacket, the officers arrested him for obstructing justice.

On appeal, Mason contends that 1700 Charles Street was his home, that the officers had no right to come onto his yard, and that he had the right to demand that they leave.  At trial, Mason testified that he had asserted no ownership interest in the property and that he had not demanded that the officers

-

leave.  He testified that he had simply advised the other men, who were his friends, not to leave the yard, lest they be arrested for drunk in public.

The Commonwealth argues that Mason's contention on appeal cannot rise above his trial testimony and that he cannot successfully argue on appeal that his interchange with the officers was simply a defense of his privacy right in his yard. In ruling on Mason's motion to strike the evidence, the trial court rejected this argument, accepted the testimony of the Commonwealth's witnesses, and ruled that regardless of Mason's status in the yard, he had no right to interfere with the officers' lawful investigation of a citizen complaint.  We take the same approach to the case.  If Mason's account be accepted, he did nothing more than advise his friends to remain in his yard, conduct which would not support the charge.  The testimony of the police officers cannot be sectioned so as to eliminate their description of Mason's strident and vituperative demands that they leave.  Thus, we base our decision on the police officers' testimony, as plainly did the trial court and the jury.

The officers received a citizen complaint of angry confrontation and the apparent threat of a handgun.  This potentially lethal situation presented an exigency that demanded immediate investigation and justified their entry for purposes of inquiry into the front yard of 1700 Charles Street.  Mason

-

did more than ask that they leave.  He injected himself between the officers and the man with whom they sought to speak, plainly intending and accomplishing interference with the proper performance of the officers' duties.  Credible evidence of this conduct supports Mason's conviction.  <u>See</u> Code § 18.2-460(A); <u>Woodson v. Commonwealth</u>, 245 Va. 401, 406, 429 S.E.2d 27, 30 (1993).

The judgment of the trial court is affirmed.

<u>Affirmed.</u>

-

Benton, J., dissenting.

In the absence of the existence of a well recognized exigent circumstance, see Minnesota v. Olsen, 495 U.S. 1 (1990), a homeowner is privileged to order a warrantless police officer to leave the homeowner's real property. The curtilage "has been considered part of the home itself for Fourth Amendment purposes." Oliver v. United States, 466 U.S. 170, 180 (1984). Thus, the police may not intrude on that space without a warrant to seek evidence of a suspected crime. See United States v. Karo, 468 U.S. 705, 713-15 (1984).

The officer's "presence on the premises violated [Jason A. Mason's] Fourth Amendment rights unless [the officer] had consent to be there." Johnson v. Commonwealth, 26 Va. App. 674, 687, 496 S.E.2d 143, 149 (1998). A homeowner may legitimately demand privacy for activities in the area immediately surrounding his or her home. See Oliver, 466 U.S. at 178. Furthermore, the law of trespass recognizes a homeowner's right to exclude unwanted visitors, see Montgomery v. Commonwealth, 99 Va. 833, 835, 37 S.E. 841, 842 (1901), and confers protections to a homeowner far broader than the Fourth Amendment.

When Mason ordered the officers to leave his property and raised his voice in so doing, he did not act in violation of Code § 18.2-460(A). Mason's verbal protest in support of his demand that the officers leave his property did not constitute obstruction of justice. See Jones v. Commonwealth, 141 Va. 471,

-

478-79, 126 S.E. 74, 77 (1925).  See also Ruckman v.

Commonwealth, 28 Va. App. 428, 505 S.E.2d 388 (1998); Brown v.

Commonwealth, 27 Va. App. 111, 497 S.E.2d 527 (1998).

I dissent.