# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Anthony Short

March 27, 2001

Case No. CR00000242
Assault and Battery
of a Law Enforcement Officer

BY JUDGE MARC JACOBSON

On or about July 15, 1999, Defendant Anthony Short attempted to return an allegedly defective video game at a pawn shop in the City of Norfolk, Virginia. Transcript of Proceedings Before the Honorable Marc Jacobson, October 30, 2000, (Tr.) p. 10, ll. 18-19. A disagreement occurred between Defendant and the clerk at the pawn shop about the video game; as a result, the clerk called 911 and police officers were summoned to the store. Tr., p. 13, ll. 7-13.

The officer arriving at the scene testified that he entered the store and after some discussion told Defendant that the dispute in question was a civil matter. The officer then attempted to obtain Defendant's identification because the clerk "wanted to secure warrants." Tr., p. 24, ll. 17-24. Defendant refused to provide his identification, whereupon the officer told him he was obstructing justice and that he was under arrest. Tr., p. 25, ll. 12-25. An altercation occurred and the officer alleges Defendant punched him in the face. Tr., p. 26., ll. 4-8. Defendant was charged with assault and battery on a law enforcement officer, common nuisance, and obstruction of justice.

The officer's testimony at trial indicated that although he "said [defendant] was obligated to give the information [his identification] . . . he said he wouldn't." Tr., p. 25, ll. 15-20. The officer indicated he "begged and

138

pleaded" with the Defendant but the Defendant would not give him the information. Tr., p. 25, ll. 24-25. At that point, Defendant was placed under arrest which led to the assault of the police officer in question. Tr., p. 26, ll. 6-7. The officer did not testify that Defendant was under arrest for breaching the peace, harassing the clerk, or anything resulting from Defendant's verbal behavior. In fact, the officer testified that at the time he was requesting identification, Defendant was "walking away," "stepping back," and "pacing back and forth." Transcript, p. 30, ll. 21, 24, p. 31, l. 5. At no point did the officer testify that Defendant used profanity, made a threatening comment or body movement in the officer's presence, or acted in a loud and intolerable manner.

The officer testified more than once that he arrested Defendant for the sole reason that Defendant failed to provide identification. Tr., p. 26, ll. 5-6, p. 32, ll. 12-14. The officer also testified that he sought such information so that the parties "could work it out civilly." Tr., p. 26, l. 3. The officer explained to both parties that he could not do anything about the video game dispute, but that the issue was a civil matter. Tr., p. 24, ll. 19-21.

In order to sustain a conviction for assault and battery on a law enforcement officer, a felony, the Commonwealth must prove that the officer was in the lawful course of his duties at the time of the assault. Otherwise, a defendant is entitled to use reasonable force against an officer in order to defend himself against an unlawful arrest. *See Smith v. Commonwealth*, 30 Va. App. 737, 519, S.E.2d 831 (1999), *see also Brown v. Commonwealth*, 27 Va. App. 111, 497 S.E.2d 527 (1960). The question of whether an arrest was lawful is a mixed question of law and fact. *See id.* at 117, 497 S.E.2d at 530.

In the case at bar, the officer who confronted Defendant testified that he was arresting Defendant for obstructing justice and nothing more. There was no testimony that Defendant was being arrested or could have ultimately been charged with a crime for his conduct toward the store clerk. In fact, the officer was quite clear in his testimony that he felt the dispute between the clerk and Defendant was a "civil matter."

In any event, the officer never testified that he was obtaining Defendant's information in order to criminally charge him for the events that took place before his arrival at the pawn shop. It was the officer's insistence upon obtaining Defendant's identification, which information Defendant declined to provide, which resulted in Defendant's arrest for obstruction of justice. Thus Defendant's arrest was improper and/or unlawful and his resistance to that arrest does not constitute the specific crime of assault and battery of a law enforcement officer.

However, the Court does conclude that under the circumstances of the case at bar that the conduct of the Defendant towards the officer does constitute simple assault, and the Court finds the defendant guilty of same.