312

## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Patterson

November 6, 2002

Case No. (Criminal) 102149

BY JUDGE M. LANGHORNE KEITH

At the conclusion of yesterday's bench trial the Court found the Defendant, Mr. Patterson guilty of petit larceny and took the charge of assault and battery under advisement.

As the Commonwealth failed to prove a battery, Mr. Bunn argued that assault was not a lesser included offense of assault and battery on which Mr. Patterson had been indicted. Mr. Bunn further argued that the evidence warranted a finding of not guilty by virtue of self-defense.

In order for an offense to be a lesser offense, the greater offense must invariably also be the commission of the lesser offense. *Kauffmann v. Commonwealth*, 8 Va. App. 400, 409, 382 S.E.2d 279 (1989). In the instant case, the elements of assault and battery would include the elements of simple assault and the Court finds that assault is a lesser included offense of assault and battery. Va. Code Ann. § 19.2-285; S. Ct. Rule 3A:17(c); J. Costello, *Virginia Criminal Law and Procedure*, chap. 30, app. at p. 358 (1995).

An employee such as Mr. Ali who has probable cause to believe that a person has shoplifted may detain such person for a period not to exceed one hour pending arrival of a law-enforcement officer. Va. Code. Ann. § 18.2-105.1. Mr. Ali testified that he observed Mr. Patterson cut open a Zip Drive package and conceal its contents. Mr. Patterson admitted that he did this. There is no dispute that Mr. Ali is an employee of Micro Center. There is a dispute as to whether Mr. Ali identified himself to Mr. Patterson when Mr. Ali

attempted to detain Patterson outside the Micro Center store. I find that Mr. Ali did identify himself and, therefore, the detention of Mr. Patterson was lawful. Thus Mr. Patterson did not have the right to use reasonable force to resist his detention. Moreover the use of a knife was not the use of reasonable force. Finally, I find that Mr. Patterson did not have a reasonable apprehension of bodily harm at the hands of Mr. Ali. Mr. Patterson knew he had shoplifted and was detained as he left the store. Under the circumstances, a reasonable person would have known why he was being detained and would not have feared bodily harm.

While, under the common law, one may use reasonable force in resisting an unlawful arrest, *see, Banner v. Commonwealth*, 204 Va. 640, 646-47, 133 S.E.2d 305 (1963); *Brown v. Commonwealth*, 27 Va. App. 111, 497 S.E.2d 527 (1998), this doctrine has not been extended to detentions. The recent case of *Commonwealth v. Hill*, 264 Va. 541, 570 S.E.2d 805 (2002), expressly rejects such an extension. Therefore, even if I accept Mr. Patterson's testimony that Mr. Ali did not identify himself and such failure rendered the detention of Mr. Patterson unlawful, Mr. Patterson did not have the legal right to resist his detention.

For the above reasons, I find Mr. Patterson guilty of simple assault and petit larceny. Sentencing will be on Friday, November 22, 2002, at 10:00 a.m., unless my law clerk is notified that this is an inconvenient date.