ELDER, J.,
concurring, in part, in the judgment and dissenting, in part.
For the reasons that follow, I concur in the majority’s affirmance of appellant’s two convictions for assault and battery on a law enforcement officer but dissent from its affirmance of his conviction for marijuana possession. I substantially concur in the majority’s recitation of the relevant facts.
I.
A.
TRESPASS
The majority concludes the search of appellant was valid as incident to arrest because Deputy Dollar had probable cause to arrest for trespass before he conducted the search. I recognize the principle that an appellate court may affirm the *272 judgment of the trial court when it has reached the right result for the wrong reason. See, e.g., Driscoll v. Commonwealth, 14 Va.App. 449, 452, 417 S.E.2d 312, 313 (1992). However, this principle requires that both “the correct reason and its factual basis were presented at trial.” McLellan v. Commonwealth, 37 Va.App. 144, 155, 554 S.E.2d 699, 704 (2001). Because the existence of probable cause to arrest for trespass or any other crime was not raised at trial as a basis for justifying Deputy Dollar’s search of appellant and because no challenge was made to appellant’s standing to contest Deputy Dollar’s entry, I would hold that neither of these grounds may serve as the basis for this Court’s affirmance of appellant’s convictions.
In the trial court, the Commonwealth argued that the deputy had a right
to do a frisk search ... to protect himself because ... he didn’t know what he was looking at coming in on that second call. And once he found an object in the pocket, he had the right to take that object out and that turned out to be the marijuana. It’s a valid frisk, it’s a valid arrest....
Appellant argued the police lacked probable cause to enter and also lacked the articulable suspicion necessary to justify a weapons frisk. The trial court ruled that, based on the events occurring during the deputies’ first and second trips to the residence, they had the right to “do[ ] a pat down to ensure their own safety.” The court expressly found that Teresa Fields was the owner of the house, a subsidiary factual finding relevant to the issue of whether a trespass occurred. However, neither party mentioned whether appellant was a trespasser or had standing to contest Deputy Dollar’s entry of the residence, and the trial court gave no indication that it considered these issues or made any of the additional factual findings critical to their resolution.
Thus, I would hold that neither the existence of probable cause to arrest appellant for trespassing nor his alleged lack of standing to contest Deputy Dollar’s entry of the residence, provides a valid basis for affirming appellant’s convictions and *273 would consider only the arguments advanced in the trial court. Based on these arguments, for the reasons that follow, I would reverse appellant’s conviction for marijuana possession and affirm his convictions for assault and battery on a law enforcement officer.
B.
WEAPONS FRISK
In order for an officer to conduct a weapons frisk, two conditions must exist. First, the officer must rightly be in the presence of the party frisked so as to be endangered if the person is armed. See, e.g., 4 Wayne R. LaFave, Search and Seizure § 9.5, at 246 (3d ed.1996). Second, the officer must be able to point to “ ‘specific and articulable facts’ ” “which reasonably lead[ ] him to conclude, in light of his experience, ... that the suspect ‘may be armed and presently dangerous.’ ” Lansdown v. Commonwealth, 226 Va. 204, 209, 308 S.E.2d 106, 110 (1983) (quoting Terry v. Ohio, 392 U.S. 1, 21, 30, 88 S.Ct. 1868, 1880, 1884, 20 L.Ed.2d 889 (1968)).
In assessing whether a particular person may be armed and dangerous, an officer may consider “characteristics of the area surrounding the stop, the time of the stop, the specific conduct of the suspect individual, the character of the offense under suspicion, and the unique perspective of a police officer trained and experienced in the detection of crime.” Christian v. Commonwealth, 33 Va.App. 704, 714, 536 S.E.2d 477, 482 (2000) (en banc) (footnote omitted). “An officer may not, simply by observing some item causing a ‘bulge’ in one’s clothing, conduct a general frisk where the nature of the bulge or the surrounding circumstances do not reasonably support the conclusion that ... the person is armed and dangerous.” Stanley v. Commonwealth, 16 Va.App. 873, 877, 433 S.E.2d 512, 515 (1993); see also United States v. Wilson, 953 F.2d 116, 125 (4th Cir.1991) (holding that, absent additional evidence, seeing “a bulge [in clothing of person at airport] is not the sort of observation that has any significance”). Compare Stanley, 16 Va.App. at 876, 433 S.E.2d at 514 (holding the *274 Fourth Amendment “does not legitimize a patdown search of someone stopped for a routine traffic offense simply because he is carrying an item the size and configuration of a wallet or checkbook in his front pants pocket”), with Troncoso v. Commonwealth, 12 Va.App. 942, 945, 407 S.E.2d 349, 350-51 (1991) (holding that if bulge observed in stomach area of driver during routine traffic stop is accompanied by fidgeting, nervousness, and effort to conceal bulge, officer’s belief that subject may be armed and dangerous is reasonable).
Here, Deputy Dollar responded to Fields’ second 911 call and entered her residence through an unlocked door only after he encountered neighbors in the front yard yelling and heard arguing inside the residence. Thus, Deputy Dollar was rightly in appellant’s presence. Nevertheless, the evidence did not provide Deputy Dollar with reasonable, articulable suspicion to conclude that the object in appellant’s pocket may have been a weapon. Although Deputy Dollar was responding to a 911 “domestic call” at Fields’ residence for the second time that day, the first call involved only “verbal arguing,” was “not very escalated,” and resolved peacefully with no indication that either party possessed a weapon or was predisposed to use violence toward the other or toward the deputies. When Deputy Dollar returned the second time, neighbors were in the front yard yelling, and Dollar heard the parties inside “verbally arguing back and forth” while he stood on the front porch, but Dollar did not testify that he overheard either party threaten the other or that he heard anything indicating physical violence or abuse.
When Dollar entered unannounced, he immediately saw Fields and appellant standing at least four feet apart, he noticed nothing unusual about Fields’ appearance, and he saw nothing in either party’s hands. Although he noticed appellant’s right front pocket was “bulging” and concluded that appellant had “something” inside his pocket, Dollar articulated no specific basis for believing that “something” might be a weapon. Before Deputy Dollar attempted to frisk appellant for weapons, appellant engaged in no additional behavior and *275 made no statements tending to indicate that he was armed and presently posed a danger to Fields or Deputy Dollar.
Thus, I would conclude Deputy Dollar lacked reasonable articulable suspicion to believe appellant was both armed and presently dangerous when Dollar told appellant he intended to frisk appellant for weapons. I recognize that domestic disputes often are fraught with danger for both their participants and the law enforcement officers trying to diffuse them. See, e.g., Fletcher v. Town of Clinton, 196 F.3d 41, 50 (1st Cir.1999) (noting that in domestic disputes, “violence may be lurking and explode with little warning”). Nevertheless, I am unwilling to hold that an officer responding to a verbal domestic dispute may frisk a party to the dispute solely because that party has an unidentified “bulge” in his pocket. Accordingly, I would hold that Deputy Dollar’s frisk of appellant and search of his pocket were unreasonable and that the fruits of that search should have been suppressed. Because no evidence other than the illegally seized marijuana supported appellant’s conviction for marijuana possession, I would reverse that conviction and dismiss the underlying charge.
C.
ASSAULT AND BATTERY ON A LAW ENFORCEMENT OFFICER
“An unlawful arrest or an arrest utilizing excessive force is a battery because that touching is not justified or excused and therefore is unlawful.” Gnadt v. Commonwealth, 27 Va.App. 148, 151, 497 S.E.2d 887, 888 (1998). In either case, the arrestee may use reasonable force to resist the arrest. See Palmer v. Commonwealth, 143 Va. 592, 602-03, 130 S.E. 398, 401 (1925); Foote v. Commonwealth, 11 Va.App. 61, 69, 396 S.E.2d 851, 856 (1990). Here, I would hold appellant was not entitled to use reasonable force to resist his arrest because the arrest was not unlawful in the sense required to permit him to resist the arrest, and I concur in the majority’s conclusion that the officers used no more force than was necessary to effect the arrest.
*276 “In Virginia, ... [t]he lawfulness of an attempted arrest [for purposes of assessing an arrestee’s right to resist the arrest] is determined by [Code §§ 19.2-77, 19.2-81, and 19.2-100].” Brown v. Commonwealth, 27 Va.App. 111, 116, 497 S.E.2d 527, 530 (1998); see also Johnson v. United States, 333 U.S. 10, 15 & n. 5, 68 S.Ct. 367, 370 & n. 5, 92 L.Ed. 436, 441 & n. 5 (1948) (in reviewing reasonableness of search claimed constitutional as incident to arrest, holding state law “determine^] whether the arrest itself was lawful”). Code § 19.2-81, the statute applicable here, provides in pertinent part that a sheriffs deputy “may arrest, without a warrant, any person who commits any crime in the presence of the officer and any person whom he has reasonable grounds or probable cause to suspect of having committed a felony not in his presence.” Thus, “[t]he dispositive question is whether the officers had probable cause to arrest____” Smith v. Commonwealth, 30 Va.App. 737, 740, 519 S.E.2d 831, 832 (1999).
No Virginia appellate decision holds that an arrest is unlawful for purposes of entitling the arrestee to resist the arrest simply because the evidence which provides probable cause for the arrest is obtained in a search or seizure that is unreasonable under the Fourth Amendment. Cf. Commonwealth v. Hill, 264 Va. 541, 547, 570 S.E.2d 805, 808 (Nov. 1, 2002) (in holding no right exists to resist an unlawful detention without revisiting the continuing validity of the right to resist an unlawful arrest, noting that “ ‘ “[c]lose questions as to whether an officer possesses articulable suspicion must be resolved in the courtroom and not fought out on the streets” ’ ”) (quoting State v. Wiegmann, 350 Md. 585, 714 A.2d 841, 849-50 (Md. 1998)) (quoting State v. Blackman, 94 Md.App. 284, 617 A.2d 619, 630 (Md.App.1992)). Further, the Ninth Circuit Court of Appeals has held that an arrest flowing from an unreasonable search which yields marijuana is not “unlawful” in the sense required to permit the arrestee to resist. United States v. Moore, 483 F.2d 1361, 1364-65 (9th Cir.1973). As that court explained,
[t]he privilege [to resist] is available only if the arrest was “unlawful.” The parties agree that appellant was arrested *277 after the agents discovered the marihuana in his suitcase [while conducting an unreasonable search]. The agents then had probable cause to believe that a felony was being committed in their presence. The warrantless arrest was therefore lawful, in itself. It was “unlawful” only in the exclusionary-rule sense that it was “fruit” of the prior unlawful search. We have been cited no authority, and have found none, that permits resistance to an arrest that is unlawful only in this derivative sense.
Id. (emphasis added).
The court in Moore examined “[t]he purposes of the privilege [to resist an unlawful arrest],” which it cited as “deter[ring] abuses of police authority” and “preserving] the sense of personal liberty and integrity ... by protecting from punishment persons who reasonably resist unlawful intrusions by government agents.” Id. at 1365. It concluded that “the resolution of often difficult issues relating to the lawfulness of the search [upon which the challenged arrest was based] are surely best left to subsequent court proceedings.” Id.; see also Hill, 264 Va. at 547, 570 S.E.2d at 808. As a result, the court was “unwilling,” under the facts of that case, “to initiate ... an extension of the privilege [to resist]” an arrest that was unlawful only in a “derivative sense.”[6] Moore, 483 F.2d at 1365.
*278 Similarly, in appellant’s case, the arrest was unlawful only in a “derivative sense.” Id. Assuming the entry and the weapons frisk violated the Fourth Amendment’s prohibition against unreasonable searches and seizures, the evidence establishes that “appellant was arrested after [Deputy Dollar] discovered the mari[j]uana in his [pocket]. [Deputy Dollar] then had probable cause to believe that a [crime] was being committed in [his] presence. The warrantless arrest was therefore lawful, in itself,” even if unlawful in a “derivative sense.” Id. at 1364-65; see Code § 19.2-81. Assuming without deciding that appellant would have been privileged to use reasonable force to resist the entry or the weapons frisk or both, but see Hill, 264 Va. at 547, 570 S.E.2d at 808, appellant lost the privilege to resist his subsequent arrest once Deputy Dollar discovered marijuana in his possession, even if Dollar’s discovery of the marijuana resulted from an unreasonable entry and search.
II.
In sum, I would hold that, although Deputy Dollar was rightly in appellant’s presence, the weapons frisk violated the Fourth Amendment because the presence of a bulge in appellant’s pocket was insufficient under the facts of this case to provide reasonable suspicion that appellant was armed and dangerous. However, I would also hold that appellant had no right to resist his arrest for possession of marijuana. Thus, I concur in the majority’s affirmance of appellant’s two convictions for assault and battery of a law enforcement officer but dissent from its affirmance of the conviction for marijuana possession.

. The court indicated in Moore that it might be willing to extend the right to resist an arrest supported by probable cause if the arrestee ”claim[ed] ... bad faith, unreasonable force, or provocative conduct on the part of the arresting officer.” 483 F.2d at 1365; see also United States v. Span, 970 F.2d 573, 579-80 (9th Cir.1992).
Assuming that whether the officer acted in bad faith would be relevant under Virginia law, see Brown, 27 Va.App. at 116, 497 S.E.2d at 530 (holding that where officer makes arrest without valid warrant or probable cause, arrest is unlawful and whether officer acted in good faith is irrelevant to arrestee’s right to resist that unlawful arrest); Foote, 11 Va.App. at 67, 396 S.E.2d at 855 (holding that where officer makes arrest based on radio transmission regarding existence of charges against particular person in another jurisdiction but does not obtain name or reasonably accurate description of person to confirm arrestee is the person wanted, arrest is unlawful and whether officer acted in good faith is irrelevant to arrestee’s right to resist that unlawful *278 arrest), no evidence established that Deputy Dollar acted in bad faith. As counsel for appellant conceded in argument, "I don’t need to come in here to Court and say, bad cop, bad cop, [I] don’t believe that. The simple fact is these two officers have nine months of experience between them.... I think what happened was, adrenalin[e] took over, ... and the Fourth Amendment went out the window.”
Further, as discussed in the majority opinion, Virginia law recognizes a right to resist an arrest involving excessive force, and this right did not apply under the facts of this case.