COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Kelsey and McClanahan
Argued at Richmond, Virginia


RAYMOND ANDREW MESSIER, IV

MEMORANDUM OPINION[*] BY
v.       Record No. 1956-06-2        JUDGE LARRY G. ELDER
                                      MAY 15, 2007

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
Margaret P. Spencer, Judge Designate

Mark E. Englisby (Englisby, Englisby, Vaughn & Englisby, on
brief), for appellant.

Craig W. Stallard, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellee.


Raymond Andrew Messier, IV (appellant) appeals from his bench trial convictions for

assault and battery on a police officer and obstruction of justice. On appeal, he contends the

officers' entry of a private residence to seize his person violated the Fourth Amendment under

the facts of this case and that their seizure of him as a result of that entry constituted an illegal

arrest that he was entitled to resist. We hold the trial court did not err, and we affirm appellant's

convictions.

I.

"An unlawful arrest or an arrest utilizing excessive force is a battery because that

touching is not justified or excused and therefore is unlawful." Gnadt v. Commonwealth, 27

Va. App. 148, 151, 497 S.E.2d 887, 888 (1998). In either case, the arrestee may use reasonable

force to resist the arrest. See Palmer v. Commonwealth, 143 Va. 592, 602-03, 130 S.E. 398, 401

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

(1925); Foote v. Commonwealth, 11 Va. App. 61, 69, 396 S.E.2d 851, 856 (1990). Here, it is undisputed that the officers had probable cause to arrest appellant for public intoxication, see infra Part I(B), but appellant contends the officers' entry of a private residence to effect the arrest violated the Fourth Amendment and rendered the arrest unlawful, entitling him to use reasonable force to resist it. Thus, he contends, the trial court should have (a) granted his motion to suppress the evidence of his actions, rather than any evidence found, or (b) found that the evidence failed to support his convictions because it did not prove a lawful arrest.

A.

MOTION TO SUPPRESS

Assuming without deciding the officers' entry of the residence immediately prior to arresting appellant was unlawful, this fact would not entitle appellant to have the evidence of his resistance suppressed. We considered and rejected just such an argument in Brown v. City of Danville, 44 Va. App. 586, 606 S.E.2d 523 (2004). Brown involved a police response to a domestic disturbance and an officer's attempt to frisk Brown for weapons. Id. at 592-93, 606 S.E.2d at 526-27. Brown resisted the officer's efforts to frisk him and kept putting his hands in his pockets despite the officer's repeated directions to him to remove his hands from his pockets. Id. at 593, 606 S.E.2d at 527. The officer warned Brown he would "'arrest [Brown] for impeding'" if he put his hands in his pockets again, but Brown again ignored the officer's directive. Id. When the officer forcibly removed Brown's hands from his pocket, Brown "had 'something balled up in his right hand.'" Id. The officer grabbed Brown's right hand and told him he was under arrest. Id. Brown resisted the efforts of both officers to subdue him, both before and after they handcuffed him. Id. at 593-94, 606 S.E.2d at 527. In a search of Brown, the officers found cocaine. Id. at 594, 606 S.E.2d at 527.

Brown was charged with obstruction of justice and possession of cocaine.  Id.  The trial court ruled that the search of his person was unconstitutional and suppressed the cocaine, and that ruling was not challenged on appeal by the city.  Id. at 594 & n.2, 606 S.E.2d at 527-28 & n.2.  Nevertheless, the trial court convicted Brown for obstruction of justice based on his resisting the officers' attempts to arrest him for possessing the cocaine.  Id. at 594-95, 606 S.E.2d at 528.

On appeal, Brown contended that his struggle with the officers was the fruit of the poisonous tree--the search the court held was illegal--and that the trial court should have suppressed not only the cocaine found in the search but also all testimony describing Brown's struggle with the officers.  Id. at 598-99, 606 S.E.2d at 530.  In a case of first impression in Virginia, we noted as follows:

> [F]ederal and state courts alike have uniformly rejected the argument that trial courts should suppress "evidence relating to [the defendant's] violence or threatened violence toward police officers subsequent to an unlawful search or seizure *or a warrantless entry*."  United States v. Waupekenay, 973 F.2d 1533, 1537 (10th Cir. 1992); see also State v. Aydelotte, 665 P.2d 443, 447 (Wash. App. 1983) ("All courts which have considered this issue . . . agree that evidence of post-entry assaults on police officers are outside the scope of the exclusionary rule."). . . .

Id. at 599, 606 S.E.2d at 530 (emphasis added).  Further, we "agree[d]" in Brown "with the overwhelming weight of authority, . . . hold[ing] that, if a person engages in new and distinct criminal acts in response to unlawful police conduct, the exclusionary rule does not apply, and evidence of the events constituting the new criminal activity, including testimony describing the defendant's own actions, is admissible."  Id. at 600, 606 S.E.2d at 530; cf. United States v. Moore, 483 F.2d 1361, 1364-65 (9th Cir. 1973) (where unlawful search of suitcase led to discovery of marijuana and arrest of suitcase's owner for possession, holding that arrest was unlawful only in a "derivative sense" and that arrestee was not privileged to resist because "the

resolution of often difficult issues relating to the lawfulness of the search [upon which the challenged arrest was based] are surely best left to subsequent court proceedings").

Thus, appellant was not entitled to suppress evidence establishing that he resisted arrest, which provided the basis for both his assault and battery and obstruction of justice convictions. As we noted in Brown, "'evidence of post-entry assaults on police officers are outside the scope of the exclusionary rule.'" 44 Va. App. at 599, 606 S.E.2d at 530 (quoting Aydelotte, 665 P.2d at 447).

B.

SUFFICIENCY OF THE EVIDENCE

Appellant also challenges the sufficiency of the evidence to support his convictions, contending for the reasons already discussed that the evidence established his arrest was unlawful, thereby entitling him to resist it. "'[W]hen the issues are the lawfulness of an arrest and the reasonableness of force used to resist an unlawful arrest, the ultimate questions involve law and fact and are reviewed de novo on appeal.'" Id. at 603, 606 S.E.2d at 532 (quoting Brown v. Commonwealth, 27 Va. App. 111, 117, 497 S.E.2d 527, 530 (1998)).

Whether the police entry of the residence violated the Fourth Amendment is not relevant to determining the lawfulness of the subsequent arrest for purposes of assessing appellant's right to resist. See id. at 603-06, 606 S.E.2d at 532-33. Instead, "[i]n Virginia, . . . [t]he lawfulness of an attempted arrest [for purposes of assessing an arrestee's right to resist the arrest] is determined by [Code §§ 19.2-77, 19.2-81, and 19.2-100]." Brown, 27 Va. App. at 116, 497 S.E.2d at 530; see Brown, 44 Va. App. at 603-06, 606 S.E.2d at 532-33; see also Johnson v. United States, 333 U.S. 10, 15 & n.5, 68 S. Ct. 367, 370 & n.5, 92 L. Ed. 436, 441 & n.5 (1948) (in reviewing reasonableness of search claimed constitutional as incident to arrest, holding state law "determine[s] whether the arrest itself was lawful"). Code § 19.2-81, the statute applicable here,

- 4 -

provides in pertinent part that a police officer "may arrest, without a warrant, any person who commits any crime in the presence of the officer and any person whom he has reasonable grounds or probable cause to suspect of having committed a felony not in his presence." Thus, "[t]he dispositive question is whether the officers had probable cause to arrest . . . ." Smith v. Commonwealth, 30 Va. App. 737, 740, 519 S.E.2d 831, 832 (1999).

Here, the officers had probable cause to arrest appellant for public intoxication after seeing him in an inebriated condition inside the house, seeing him outside the residence only a few minutes later in a location open to public view, and learning that appellant had said he intended to continue drinking and to leave the residence as soon as the police departed, which would again have placed him in public view. See, e.g., Crislip v. Commonwealth, 37 Va. App. 66, 71-72, 554 S.E.2d 96, 98-99 (2001) (holding intoxicated defendant, who was "on his front porch in open view of nearby neighboring homes and the public street, was in a place visible to the public for purposes of the [public intoxication] statute"). This information provided the officers with probable cause for arrest, a fact not challenged by appellant at trial or on appeal. Whether the entry violated the Fourth Amendment simply was not relevant to whether the subsequent arrest was "lawful" in the context of this case.

## II.

We hold appellant was not entitled to use reasonable force to resist his arrest because, assuming without deciding the arrest violated the Fourth Amendment, this violation did not render the arrest unlawful in the sense required to permit him to resist or to render the evidence insufficient to support his convictions for assault and battery and obstruction. Because the arrest was lawful and appellant established no right to resist, we affirm his convictions for assault and battery on a police officer and obstruction of justice.

Affirmed.