COURT OF APPEALS OF VIRGINIA

Present:    Judges Clements, Haley and Senior Judge Bumgardner
Argued by teleconference


RANDY BROWER
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0437-07-4               JUDGE RUDOLPH BUMGARDNER, III
                                                       FEBRUARY 19, 2008
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Randy I. Bellows, Judge

Jonathan Shapiro (Law Offices of Jonathan Shapiro, P.C., on brief),
for appellant.

Richard B. Smith, Special Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Randy Brower appeals his conviction of assault and battery of a police officer, Code

§ 18.2-57.  He contends there was no probable cause to arrest him for drunk in public and he had

an absolute right to resist his illegal arrest.  We conclude the initial arrest was supported by

probable cause, which defendant had no right to resist.

> When the issue on appeal is whether there is sufficient
> evidence to support a criminal conviction, we view conflicting
> evidence in the light most favorable to the Commonwealth.
> However, when the issues are the lawfulness of an arrest and the
> reasonableness of force used to resist an unlawful arrest, the
> ultimate questions involve law and fact and are reviewed *de novo*
> on appeal.

Brown v. Commonwealth, 27 Va. App. 111, 117, 497 S.E.2d 527, 530 (1998) (citations omitted).

Officer Peter McCaughuy was driving through a shopping center parking lot when he

saw the defendant and Daniel Raskus passing a bottle back and forth.  The officer suspected that

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the bottle contained alcohol, and both the defendant and Raskus appeared to be under twenty-one years old. When the defendant saw the officer stop his car, he wrapped the bottle in a sweatshirt and placed it in the trunk of their vehicle. The officer smelled alcohol on both men as he approached, and they admitted they had been drinking. They retrieved a bottle of tequila from the trunk of their car.

The defendant was "unsteady" on his feet, his speech was "slurred," and his eyes were "glassy" and "very red." While defendant was not "falling down drunk," he had a "glazed look on his face," and was "somewhat belligerent." The officer asked the defendant and Raskus to sit on the ground and began questioning Raskus. The defendant began "interfering" with the officer's questioning and instructed Raskus not to provide his social security number because the police could steal his identity. The officer asked the defendant to be quiet several times. When the defendant continued to interfere, the officer arrested him for being drunk in public.

The officer handcuffed the defendant, placed him in the police cruiser, and returned to complete interviewing Raskus. The defendant got out of the cruiser and ran away. Officers found him a short time later in a residential area. When one of them tried to apprehend the defendant, he swung his right fist at the officer. The handcuff, which was still on the defendant's right hand, cut the officer's face. When another officer arrived, the two finally subdued the defendant. The charge arose from that struggle.

The defendant was arrested for being "intoxicated in public," Code § 18.2-388. "'Intoxicated' means a condition in which a person has drunk enough alcoholic beverages to observably affect his manner, disposition, speech, muscular movement, general appearance or behavior." Code § 4.1-100. "Probable cause exists when the facts and circumstances within the arresting officer's knowledge and of which he has reasonable trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense had

been or is being committed." Slayton v. Commonwealth, 41 Va. App. 101, 106, 582 S.E.2d 448, 450 (2003).

The defendant possessed a bottle of tequila and admitted he had been drinking. His eyes were very red and glassy. He bore a glazed expression. His speech was slurred. He was belligerent and uncooperative. He was unsteady on his feet. Those facts and circumstances observed by the arresting officer were sufficient to permit a reasonable man to believe it was more probable than not that the defendant was intoxicated.

The officer recounted facts that showed alcohol had affected the defendant's manner, disposition, speech, muscular movement, general appearance, and behavior. Those observations constituted probable cause to believe the defendant was intoxicated in public, Code § 18.2-388. The arrest being lawful, the defendant had no right to resist. Polk v. Commonwealth, 4 Va. App. 590, 596, 358 S.E.2d 770, 773 (1987). Accordingly, we affirm.

Affirmed.