COURT OF APPEALS OF VIRGINIA

Present:  Judges Petty, Beales and AtLee
Argued at Richmond, Virginia

BERNARD LEE DODSON

                                                            MEMORANDUM OPINION* BY
v.       Record No. 0460-17-2                               JUDGE WILLIAM G. PETTY
                                                            FEBRUARY 20, 2018

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                              Gregory L. Rupe, Judge

        Lauren P. Whitley, Deputy Public Defender, for appellant.

        Virginia B. Theisen, Senior Assistant Attorney General (Mark R.
        Herring, Attorney General, on brief), for appellee.


        Bernard Lee Dodson entered a conditional *nolo contendere* plea[1] to possession of cocaine

with the intent to distribute, in violation of Code § 18.2-248(C), and obstruction of justice, in

violation of Code § 18.2-460(C), reserving the right to challenge the trial court's denial of his

motion to suppress evidence.  In challenging the trial court's denial of his motion to suppress,

Dodson argues that the officers did not have reasonable, articulable facts to support the stop and

frisk, or pat-down search, of Dodson's person.  Dodson further argues that his actions in resisting an

illegal arrest did not purge the taint of the police officers' unconstitutional conduct.

--------

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Code § 19.2-254 provides in relevant part,

                With the approval of the court and the consent of the
                Commonwealth, a defendant may enter a conditional plea of guilty
                in a misdemeanor or felony case in circuit court, reserving the
                right, on appeal from the judgment, to a review of the adverse
                determination of any specified pretrial motion.  If the defendant
                prevails on appeal, he shall be allowed to withdraw his plea.

Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal. We view the evidence in the light most favorable to the Commonwealth, the prevailing party below, granting to it the benefit of any reasonable inferences. Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003).

Police officers from the Richmond Police Department saw Dodson on a street corner next to a burning candle and stopped to investigate. While talking to Dodson, the officers saw a bulge in Dodson's pocket and decided to pat him down. Dodson objected to the pat down and refused to comply. When the officers pulled Dodson to his feet to implement the pat down, he struggled and engaged in what the trial court found to be "assaultive behavior." During the struggle, Dodson hit an officer in the face with his elbow and knocked the body camera from the officer's chest. Dodson was arrested for assaulting a police officer and obstructing justice.[2] After the arrest, the police searched Dodson and discovered Dodson was wearing two pairs of pants; there were drugs hidden in a pocket of the inner pants. Dodson moved to suppress the evidence, arguing that the police had no constitutional right to pat him down and he therefore had a right to resist the pat down. In denying the motion to suppress, the trial court explained,

> Put it to you pretty simply. Had he submitted, "I'm not authorizing you to search me in any shape, form or fashion," I'd have probably suppressed everything. But as soon as he engaged in the resistance, which I thought was assaultive behavior, quite frankly, it was over. He could be searched. He was going downtown for assaulting a police officer. Simple as that.

---

[2] Dodson was arrested for assaulting a police officer and obstruction of justice. "[W]hen a law enforcement officer has probable cause to arrest a suspect for one crime, it is immaterial if the suspect is later charged with something else." Doscoli v. Commonwealth, 66 Va. App. 419, 428, 786 S.E.2d 472, 477 (2016). It is therefore not relevant to our analysis that Dodson was not charged with assaulting a police officer.

The only issue before this Court on appeal is whether the trial court erred in concluding that Dodson's assaultive behavior provided probable cause for an arrest and the subsequent search incident to arrest. We conclude that the trial court did not err.

We note at the outset that the drugs were not found during the pat-down search, but rather were found during the more intrusive search incident to arrest for obstruction of justice and assault on a police officer. We need not decide, therefore, whether the pat down itself was lawful. The only question before us is whether Dodson's behavior gave the police probable cause to arrest him for assault on a police officer. Dodson does not contest the fact that he struck an officer with his elbow while he was struggling. Additionally, Dodson does not argue the evidence was insufficient for his obstruction of justice conviction. Instead, Dodson argues that he was entitled to resist an unlawful arrest.

"Under the common law, a citizen generally is permitted to use reasonable force to resist an illegal arrest." Commonwealth v. Hill, 264 Va. 541, 546, 570 S.E.2d 805, 808 (2002). In contrast, "a person in this Commonwealth does not have the right to use force to resist an unlawful detention or 'pat down' search." Id. at 548, 570 S.E.2d at 809. This is because "a protective search for weapons or other investigative detention constitutes a brief, though not inconsequential, restriction on an individual's freedom of movement." Id. at 547, 570 S.E.2d at 808.

Here, the officers told Dodson that they intended to conduct a pat-down search of the bulge in his pocket. The purpose of the detention fell squarely under the jurisprudence of Hill. Thus, regardless of whether the "brief, though not inconsequential, restriction on [Dodson's] freedom of movement," id., was lawful or unlawful, Dodson did not have a lawful right to resist the detention. See also McCracken v. Commonwealth, 39 Va. App. 254, 276, 572 S.E.2d 493, 504 (2002) (Elder, J., concurring, in part, in the judgment and dissenting, in part) ("No Virginia

appellate decision holds that an arrest is *unlawful* for purposes of entitling the arrestee to resist the arrest simply because the evidence which provides probable cause for the arrest is obtained in a search or seizure that is *unreasonable* under the Fourth Amendment.").  At the point that Dodson's resistance gave the officers probable cause to believe he had assaulted a police officer or obstructed justice, the officers had a lawful reason to arrest him and to conduct a search incident to arrest.[3]

Dodson also misconstrues the scope of the common law doctrine permitting an individual to resist an unlawful arrest.  This doctrine is a species of self-defense.  Brown v. Commonwealth, 27 Va. App. 111, 116-17, 497 S.E.2d 527, 530 (1998).  While the doctrine remains a viable defense at trial to a charge of assaulting a police officer, it does not negate the existence of probable cause.  As long as the officer has probable cause to believe that an assault has occurred, he is justified in making an arrest and conducting a search incident to that arrest.

> "[W]hether or not a search is reasonable within the meaning of the Fourth Amendment," . . . has never "depend[ed] on the law of the particular State in which the search occurs."  While "[i]ndividual States may surely construe their own constitutions as imposing more stringent constraints on police conduct than does the Federal Constitution," state law did not alter the content of the Fourth Amendment.

---

[3] Dodson argues at great length regarding the point at which he was seized and when he was "arrested" for purposes of "resisting arrest."  Issues related to seizure, reasonable suspicion, probable cause, and alleged violations of the Fourth Amendment often hinge on technicalities of law and intricacies of the facts.  "Close questions as to whether an officer possesses articulable suspicion must be resolved in the courtroom and not fought out on the streets."  Hill, 264 Va. at 548, 570 S.E.2d at 809.  "[T]he act of resisting arrest is fraught with the danger of violence and serious injury to both the officer and the arrestee.  Encouraging an arrestee to resist what he considers an unlawful arrest 'lead[s] to great mischief with respect to encouraging resistance to, and to endangering, arresting officers.'"  Doscoli, 66 Va. App. at 425, 786 S.E.2d at 475 (quoting United States v. Simon, 409 F.2d 474, 477 (7th Cir. 1969)).  Simply put, if Dodson was aggrieved by the actions of the police, he had every right to pursue legal remedies.  However, when the remedy he chose was assault on a police officer, he did so at his own peril.

Virginia v. Moore, 553 U.S. 164, 172 (2008) (first, third, and fourth alteration in original) (quoting California v. Greenwood, 486 U.S. 35, 43 (1988)).  "When officers have probable cause to believe that a person has committed a crime in their presence, the Fourth Amendment permits them to make an arrest, and to search the suspect in order to safeguard evidence and ensure their own safety."  Id. at 178.

Once Dodson's actions gave officers probable cause to believe he had obstructed justice or assaulted a police officer, the officers could lawfully arrest him and lawfully conduct a search incident to that arrest.  Consequently, the trial court did not err in denying Dodson's motion to suppress the evidence.  Accordingly, we affirm the convictions.

Affirmed.